**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Norris W. JACKSON, Defendant– Appellant.**

No. 97–3919.

United States Court of Appeals, Seventh Circuit.

Argued April 21, 1999.

Decided July 30, 1999.

Kit R. Morrissey (argued), W. Charles Grace, Office of the United States Attorney, Criminal Division, Fairview Heights, IL, for Plaintiff–Appellee.

Andrew M. Cohen (argued), Chicago, IL, for Defendant–Appellant.

Before BAUER, FLAUM, and MANION, Circuit Judges.

BAUER, Circuit Judge.

This is the second appeal by Norris W. Jackson. In his first pass through this Court, *see United States v. Jackson,* 103 F.3d 561 (7th Cir.1996), we set forth a detailed explanation of the facts leading to Jackson's convictions and sentencing. In his second run, we will discuss only the facts necessary to answer the legal issues that Jackson brings on this appeal.

Jackson was convicted by a jury of conspiracy to possess with intent to distribute cocaine base, in violation of 21 U.S.C. § 846, possession of cocaine base in violation of 21 U.S.C. § 841(a)(1), use or carriage of a firearm during and in relation to a drug trafficking crime, in violation of 18 U.S.C. § 924(c), and unlawful possession of a firearm by a felon, in violation of 18 U.S.C. § 922(g)(1). Jackson appealed his convictions and sentence. On appeal we reversed the § 924(c) conviction, affirmed the remaining three convictions, and remanded the case to the district court for resentencing.

On November 7, 1997, the district court resentenced Jackson. At the resentencing hearing, there were two basic issues for the district court's consideration: whether to impose a two-level enhancement to the base offense level for possession of a firearm pursuant to U.S.S.G. § 2D1.1(b)(1); and whether to grant Jackson's motion for a downward departure on the grounds that the career offender guidelines overstated his criminal history. The district court declined to impose the enhancement or depart downward.

Jackson filed a timely notice of appeal on November 17, 1997, contending that: (1) he was denied effective assistance of trial counsel; and (2) he was denied his due process right to a fair sentencing. Both of these arguments lack merit.

## DISCUSSION

### A. Ineffective Assistance of Trial Counsel

■ We first address Jackson's arguments that he was denied effective assistance of trial counsel. Specifically, Jackson argues that his trial counsel was ineffective because: (1) they failed to object to the government's motion in limine regarding the testimony of the confidential informant; and (2) they failed to properly question law enforcement personnel regarding statements made to them by Jackson.

As we previously noted, this is Jackson's second appeal. On the first appeal, we reversed only the § 924(c) conviction and remanded to the district court for the limited purpose of resentencing on the three other affirmed convictions. *See Jackson,* 103 F.3d at 569. The ineffective assistance of counsel arguments that Jackson raises here on appeal are entirely distinct from the limited resentencing issues we remanded to the district court. Only an issue arising out of the correction of the sentence ordered by this Court can be raised in a subsequent *direct* appeal. Any issue not arising out of our remand could have been raised in the original direct appeal and was therefore waived. *United States v. Parker,* 101 F.3d 527, 528 (7th Cir.1996); *United States v. Polland,* 56 F.3d 776, 779 (7th Cir.1995). As we have stated:

> If the opinion identifies a discrete, particular error that can be corrected on remand without the need for a redetermination of other issues, the district court is limited to correcting that error. A party cannot use the accident of a remand to raise in a second appeal an issue that he could just as well have

raised in the first appeal because the remand did not affect it.

*Parker,* 101 F.3d at 527. Here, the ineffective assistance of trial counsel arguments that Jackson raises on this appeal are not related to our remand for his resentencing and we will not entertain them.

### B. Alleged Due Process Violation at Resentencing

■ Jackson next contends that his due process rights were violated at the resentencing because he was not given sufficient time to review the presentence investigation report (the "PSI") and the government's sentencing memorandum. At sentencing, the district court must make a record that reflects that the defendant has had a realistic opportunity to read and discuss the PSI and to raise objections. *United States v. Rone,* 743 F.2d 1169, 1174 (7th Cir.1984). Federal Rule of Criminal Procedure 32(c) protects a convicted criminal defendant's due process guarantee of fair sentencing by requiring the sentencing judge to make a clear record of all challenges to the factual accuracy of the PSI and also to note the degree of consideration the sentencing judge has given to the challenged facts. *See United States v. Brown,* 870 F.2d 1354, 1361 (7th Cir.1989) (internal citations and quotations omitted). To be resentenced under Rule 32(c), the defendant must show that: (1) the allegations of the inaccuracy were before the sentencing judge, and (2) the sentencing judge failed to make a finding regarding the controverted matters or a determination that the disputed information would not be considered in sentencing. *Id.*

Here, there was no due process violation; Jackson was afforded an opportunity to review the PSI and make objections prior to resentencing. The record shows that the PSI used in the resentencing was the same PSI used by the government at Jackson's original sentencing on August 25, 1995, more than two years earlier. After Jackson's own counsel explained to him

at the resentencing hearing that the government was using the same PSI that it had used at his original sentencing, Jackson acknowledged that he had had an opportunity to review it prior to his original sentencing.

 Jackson also contends that the government violated 18 U.S.C. § 3552(d) because he was not given a copy of the PSI until the day prior to the resentencing. Section 3552(d) provides, in pertinent part:

> **Disclosure of presentence reports.—** The court shall assure that a report filed pursuant to this section is disclosed to the defendant, the counsel for the defendant, and the attorney for the Government at least ten days prior to the date set for sentencing, *unless this minimum period is waived by the defendant.*

(Emphasis supplied). As we have already found, Jackson admitted at his resentencing that he had an opportunity to review the PSI before his original sentencing. Thus, we find that the government more than satisfied the ten-day rule of § 3552(d).

While we acknowledge that the ten-day rule of § 3552(d) also applies to Jackson's counsel, we find that the argument has been waived. A defendant may waive the ten-day rule by failing to assert that right at the appropriate time. *United States v. Blythe,* 944 F.2d 356, 360 (7th Cir.1991). The record shows that at the resentencing, neither Jackson nor his counsel informed the sentencing judge that Jackson wanted to invoke the ten-day rule of § 3552(d). In fact, neither Jackson nor his counsel asked for any additional time to review the PSI. The burden of asserting the ten-day rule is placed on the defendant rather than the judge. A defendant's silence on this matter surrenders any rights he may have under § 3552(d). *Id.* at 360 (holding that defendants may surrender their ten-day review period under § 3552(d) by participating in the sentencing without objection). We find no § 3552(d) violation.

AFFIRMED.