UNITED STATES of America,
Plaintiff–Appellee,

v.

Clarence Ronald TABB, Defendant–
Appellant.

No. 01–1163.

United States Court of Appeals,
Seventh Circuit.

Submitted June 27, 2001.

Decided July 2, 2001.

Before Hon. RICHARD A. POSNER, Hon. KENNETH F. RIPPLE, and Hon. DIANE P. WOOD, *Circuit Judges.*

ORDER

A jury found Clarence Tabb guilty of conspiracy to distribute crack cocaine, 21 U.S.C. §§ 846, 841(a)(1), and distribution of crack cocaine, 21 U.S.C. § 841(a)(1). Mr. Tabb was sentenced to concurrent terms of 168 months' imprisonment. On appeal we affirmed the distribution conviction but reversed the conspiracy conviction and remanded for "reconsideration of the sentence in view of the reversal of the conspiracy count." *United States v. Tabb,* No. 97–1306, 2000 WL 420628 (7th Cir. Apr.17, 2000). On remand the government dismissed the conspiracy count, and the district court once again sentenced Mr. Tabb to 168 months' imprisonment on the distribution count. Mr. Tabb filed a notice of appeal but counsel appointed after remand seeks to withdraw because he is unable to identify a nonfrivolous ground for appeal. *See Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). Mr. Tabb has not responded to counsel's motion and counsel's brief is facially adequate, so we limit our review of the record to the issues counsel discusses. *United States v. Tabb,* 125 F.3d 583, 584 (7th Cir.1997) (per curiam). We grant counsel's motion to withdraw and dismiss the appeal.

■ Counsel first considers whether Mr. Tabb could challenge the district court's drug quantity calculation. In sentencing Mr. Tabb the district court adopted the probation officer's position in the presentence report that 148.8 grams of crack was attributable to him as relevant conduct. That finding produced a base offense level of 32 under U.S.S.G. § 2D1.1(c)(4) (between 50 and 150 grams).

The probation officer arrived at that figure based on quantities obtained during controlled buys and based on statements made by a codefendant and other cooperating individuals regarding crack purchases. Where actual drug weights were available, as was the case with the controlled buys, the probation officer used those figures. But in some instances only sales proceed figures were available, so the probation officer estimated drug quantity by converting proceeds into a corresponding amount of crack. That conversion was based on trial testimony provided by case agents that $100 equals 1 gram; $50 equals .5 gram; $20 equals .2 gram; and $15 equals .15 gram. On remand Mr. Tabb argued that the district court should have based its drug quantity estimates on forensic lab reports listing drug quantities obtained during four controlled buys. During these transactions, Mr. Tabb sold .1 gram for $40; less than .1 gram for $40; .4 gram for $100; and .7 gram for $100–a total quantity substantially less than the 2.8 grams that should have been obtained with $280 if the conversion ratio used by the probation officer were correct. Mr. Tabb also provided his own formula for calculating drug quantity based on these figures, and in light of that formula determined that a total of 44.7 grams of crack was attributable to him, which would have placed him at a base offense level of 30 under § 2D1.1(c)(5) (between 35 and 50 grams). Counsel asserts that it would be frivolous for Mr. Tabb to pursue this same argument on appeal.

We agree. To prevail on this argument, Mr. Tabb would have to overcome two obstacles. First, we determined in Mr. Tabb's first appeal that he had waived review of the district court's drug quantity calculation because he represented at the original sentencing hearing "that he had no objection to the report and affirmatively concurred that the court's findings

based on the PSR were correct." *Tabb,* 2000 WL 420628, at *4. Mr. Tabb therefore would have to successfully argue that drug quantity was open to consideration on remand. *See, e.g., United States v. Wilson,* 131 F.3d 1250, 1253–54 (7th Cir.1997); *United States v. Parker,* 101 F.3d 527, 528 (7th Cir.1996). Second, even assuming the district court's drug quantity calculation could be considered on remand, Mr. Tabb would further have to show that the calculation was off by nearly 100 grams for the alleged miscalculations to have affected his sentence. We have reviewed Mr. Tabb's objection to the PSR on this point, and even using his calculations, his relevant conduct comes out to approximately 54 grams of crack (not 44.7 grams as he determined), which is enough to keep him at an offense level of 32.

■ Counsel next evaluates whether Mr. Tabb could argue that the testimony provided by the case agents on converting drug proceeds to drug weights was inadmissible at sentencing because it did not meet the standards set forth in *Kumho Tire Co. v. Carmichael,* 526 U.S. 137, 119 S.Ct. 1167, 143 L.Ed.2d 238 (1999), and *Daubert v. Merrell Dow Pharmaceuticals, Inc.,* 509 U.S. 579, 113 S.Ct. 2786, 125 L.Ed.2d 469 (1993). Other than citing these cases, however, Mr. Tabb did not explain in the district court how the case agents' testimony supposedly violated these standards. Moreover, *Daubert* and *Kumho Tire* involve applications of Rule 702 of the Federal Rules of Evidence, and we doubt that these cases apply because a district judge is not constrained by the rules of evidence at sentencing. *See* U.S.S.G. § 6A1.3 (sentencing judge "may consider relevant information *without regard to its admissibility under the rules of evidence applicable at trial,* provided that the information has sufficient indicia of reliability to support its probable accuracy." (emphasis added)); *United States v.*

*Westmoreland,* 240 F.3d 618, 630 (7th Cir. 2001).

Counsel also assesses whether Mr. Tabb could argue that the district court erred in denying him a two-level reduction for acceptance of responsibility under U.S.S.G. § 3E1.1. Mr. Tabb did not maintain at his original sentencing that he was entitled to such a reduction, so here again he would first have to successfully argue that his criminal history was open to consideration on remand. *See United States v. Jackson,* 186 F.3d 836, 838 (7th Cir.1999); *Parker,* 101 F.3d at 528. Even assuming that Mr. Tabb could have made this argument for the first time at resentencing, we agree with counsel that this proposed issue is frivolous.

Ordinarily a defendant who pleads not guilty is not entitled to a reduction for acceptance of responsibility. U.S.S.G. § 3E1.1, comment. (n.2); *United States v. Williams,* 202 F.3d 959, 962 (7th Cir.2000). In rare situations, however, a defendant may demonstrate that he has accepted responsibility, even though he went to trial, if, for instance, he did so "to assert and preserve issues that do not relate to factual guilt." U.S.S.G. § 3E1.1, comment. (n.2); *Williams,* 202 F.3d at 962. Under such circumstances a defendant who exercises his right to trial may qualify for the reduction if his pretrial statements and conduct reflect acceptance of responsibility. U.S.S.G. § 3E1.1, comment. (n.2); *United States v. Herrera–Ordones,* 190 F.3d 504, 512 (7th Cir.1999).

■ Here Mr. Tabb refused to participate in the preparation of the original PSR, and only after his case was remanded did he request to be interviewed by the probation office. *See Herrera–Ordones,* 190 F.3d at 512–13 (permissible to take into account presentencing conduct); *United States v. Beal,* 960 F.2d 629, 632–33 (7th Cir.1992) (same). Mr. Tabb's belated ef-

fort to assist the probation department and his generalized assertion at the time of resentencing that he had "accepted responsibility" is not the sort of "rare situation" contemplated by the guidelines that warrants an acceptance reduction.

■ Counsel further considers whether Mr. Tabb could argue that the district court erred in assessing a criminal history point based on his conviction for criminal damage to property. According to Mr. Tabb (who raised this argument pro se at resentencing), criminal damage to property is similar to criminal trespass because both crimes are found in Article 21 of the Illinois criminal code. Therefore, Mr. Tabb maintained, it was improper to include this conviction as part of his criminal history because criminal trespass is excluded from a defendant's criminal history under U.S.S.G. § 4A1.2(c)(1). Mr. Tabb did not raise this argument at his original sentencing either, and therefore he would first have to successfully argue that his criminal history calculation was open to consideration on remand. *See Jackson,* 186 F.3d at 838; *Parker,* 101 F.3d at 528. Even assuming that Mr. Tabb could have raised this argument at resentencing, we agree with counsel that this proposed issue is frivolous. Offenses are not similar for purposes of § 4A1.2(c)(1) simply because they happen to be defined in the same section of a criminal code.

Counsel lastly considers whether Mr. Tabb could raise an ineffective assistance claim with regard to his first counsel's representation. We declined to entertain Mr. Tabb's ineffective assistance claim in the prior appeal, *Tabb,* 2000 WL 420628, at *4, and we decline to do so again here. We agree with counsel that the record discloses no "clear evidence" of ineffective assistance, and therefore such a claim is not ripe for adjudication. *See United States v. Garrett,* 90 F.3d 210, 214–15 (7th Cir.1996).

Accordingly, we GRANT counsel's motion to withdraw and DISMISS the appeal.