**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS

## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
*Plaintiff-Appellee,*

v.

DARRYL GLEN RILEY, a/k/a Kendu,
*Defendant-Appellant.*

No. 01-4106

UNITED STATES OF AMERICA,
*Plaintiff-Appellee,*

v.

SANTRA LAVONNE RUCKER,
*Defendant-Appellant.*

No. 01-4150

UNITED STATES OF AMERICA,
*Plaintiff-Appellee,*

v.

SANTRA LAVONNE RUCKER,
*Defendant-Appellant.*

No. 01-4204

Appeals from the United States District Court
for the Eastern District of Virginia, at Richmond.
Richard L. Williams, Senior District Judge.
(CR-98-101)

Submitted: September 28, 2001

Decided: October 22, 2001

Before WIDENER, KING, and GREGORY, Circuit Judges.

Affirmed by unpublished per curiam opinion.

---

**COUNSEL**

Christopher F. Cowan, COWAN, NORTH & LAFRATTA, L.L.P., Richmond, Virginia; Barbara L. Hartung, Richmond, Virginia, for Appellants. Kenneth E. Melson, United States Attorney, John S. Davis, Assistant United States Attorney, Sara E. Flannery, Special Assistant United States Attorney, Richmond, Virginia, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

**OPINION**

PER CURIAM:

Darryl Glen Riley and Santra Lavonne Rucker were convicted of numerous counts of possession with intent to distribute cocaine base "crack." Under Count 1 of the superceding indictment, the Appellants were also convicted of conspiracy to possess with intent to distribute fifty grams or more of crack and five or more kilograms of powder cocaine. This court affirmed all of Riley's and Rucker's convictions and sentences but remanded to the district court to determine whether their sentences for Count 1 were imposed in accordance with *United States v. Rhynes*, 196 F.3d 207 (4th Cir. 1999), *vacated in part on other grounds*, 218 F.3d 310 (4th Cir.) (en banc), and *cert. denied*, 530 U.S. 1222 (2000).[1] *See United States v. Riley*, No. 99-4079, 99-

---

[1]In *Rhynes*, the defendants were charged with conspiracy to distribute or possess with intent to distribute heroin, cocaine, cocaine base, and marijuana. 196 F.3d at 214. The district court instructed the jury that it could return a guilty verdict if it found a defendant had conspired to distribute any of those controlled substances. *Id.* at 237. Because the jury returned a general verdict, this court held that the verdict was ambiguous and that the district court was prohibited "from imposing a sentence in excess of the statutory maximum for the least-punished object on which the conspiracy conviction could have been based." *Id.* at 238-39.

4101 (4th Cir. May 15, 2000) (unpublished), *cert. denied*, 531 U.S. 882 (2000).

On remand in the instant case, the district court found that for Count 1 the jury only was instructed as to whether Riley and Rucker conspired to possess with intent to distribute fifty grams or more of crack cocaine. Thus, there was no *Rhynes* error as the jury could only have found them guilty for dealing in crack. Accordingly, the district court again sentenced Riley and Rucker to life sentences for Count 1. On appeal from their resentencing, Appellants raise several issues. For the reasons that follow, we affirm.

Riley and Rucker both allege that their convictions and sentences for Count 1 have been rendered invalid in light of the Supreme Court's opinion in *Apprendi v. New Jersey*, 530 U.S. 466 (2000), and related cases.[2] This claim fails, however, because Appellants were sentenced within the statutory maximum for conspiring to possess with intent to distribute fifty or more grams of crack. *See* 21 U.S.C.A. §§ 841(b)(1)(A)(iii), 846 (West 1999 & Supp. 2001). In *Apprendi*, the Supreme Court held that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." 530 U.S. at 490.

In the instant case, Appellants were indicted for fifty or more grams of crack and the jury was instructed that they must find that amount of crack as an element of the offense. Thus, Riley and Rucker have suffered no harm in light of *Apprendi*. *See United States v. Richardson*, 233 F.3d 223, 231 (4th Cir. 2000) (holding no *Apprendi* error where both indictment and jury charge cite to specific drug amounts), *petition for cert. filed,* (U.S. Mar. 19, 2001) (No. 00-9234).

Riley and Rucker also disagree with the district court's application of certain sentencing enhancements, again alleging they are invalid in light of *Apprendi*. This court has rejected such claims. *See United States v. Kinter*, 235 F.3d 192, 199-200 (4th Cir. 2000) (holding that *Apprendi* does not affect a judge's exercise of sentencing discretion

---

[2]Appellants also rely on *Richardson v. United States*, 526 U.S. 813 (1999).

within a statutory range so long as a defendant's sentence is not set beyond the maximum term specified in the substantive statute), *cert. denied*, 121 S. Ct. 1393 (2001); *United States v. Obi*, 239 F.3d 662, 667 (4th Cir. 2001) (sentencing court does not violate *Apprendi* when it makes factual findings that result in increased punishment under the Sentencing Guidelines), *petition for cert. filed*, (U.S. May 8, 2001) (No. 00-9833).

Next, Riley and Rucker allege that their other drug distribution convictions are also invalidated by *Apprendi*. Because these arguments are beyond the scope of our remand, we decline to address them in this appeal. *See Omni Outdoor Adver., Inc. v. Columbia Outdoor Adver., Inc.*, 974 F.2d 502, 505-06 (4th Cir. 1992) (noting that those issues not previously raised in the first appeal will be considered waived and thus cannot be raised in a subsequent appeal); *United States v. Jackson*, 186 F.3d 836, 838 (7th Cir. 1999) (applying the doctrine in a criminal appeal).

Finally, Rucker alleges that the district court erred by denying her motion at the resentencing hearing to appoint counsel to assist her in any subsequent motion filed under 28 U.S.C.A. § 2255 (West Supp. 2001). We do not find that the district court erred in denying the motion as there is no right to habeas counsel, *see Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987), and Rucker has failed to show that the "interests of justice" require that she be appointed counsel. *See* 18 U.S.C.A. § 3006A(a)(2) (West 2000); Rule 8(c) of the Rules Governing Section 2255 Proceedings.

Accordingly, we affirm the district court's resentencing of Riley and Rucker for Count 1 of the superceding indictment. We grant Riley's motion to file a pro se supplemental brief but find no meritorious issues raised therein. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*