**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 04-7656

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

DARRYL GLEN RILEY, a/k/a Kendu,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Richmond. Richard L. Williams, Senior District Judge. (CR-98-101)

Submitted: June 10, 2005          Decided: June 28, 2005

Before MICHAEL, MOTZ, and KING, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Elaine Metlin, Laura H. Hamilton, Bernard F. Sheehan, Charles E. Luftig, DICKSTEIN SHAPIRO MORIN & OSHINSKY LLP, Washington, D.C., for Appellant. Paul J. McNulty, United States Attorney, Michael J. Elston, Brian L. Whisler, Assistant United States Attorneys, Richmond, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Darryl Glen Riley seeks to appeal the district court's orders denying relief on his motion filed under 28 U.S.C. § 2255 (2000) and his motion to reconsider. In these motions, Riley attacked his life sentence pursuant to a jury conviction for conspiracy to distribute powder and crack cocaine (count one).[1] Riley raised six claims of ineffective assistance in the district court, each of which was denied. On appeal, he raises three of those claims, alleging counsel was ineffective because: Ground Three, counsel failed to object to the admission of a gun admitted at trial; Ground Five, counsel failed to object to a sentencing enhancement for a leadership role in the offense; and, Ground Six, counsel failed to argue that his sentence was erroneous under Apprendi v. New Jersey, 530 U.S. 466 (2000). The district court denied relief on all the claims, dismissed Riley's § 2255 motion, and denied his motion to reconsider. Thereafter, however, the district court granted Riley a certificate of appealability on Ground Six.

We previously denied Riley's motion to expand the certificate of appealability to include Grounds Three and Five, but

---

[1]This court previously affirmed Riley's conviction for count one, but remanded for resentencing. See United States v. Riley, Nos. 01-4106, 01-4150, 01-4204, 2001 WL 1261926 (4th Cir. Oct. 22, 2001) (unpublished).

- 2 -

we appointed counsel to represent Riley on appeal from the dismissal of Ground Six.[2]

Citing <u>Blakely v. Washington</u>, 124 S. Ct. 2531 (2004), Riley argues that the lawyer who represented him at resentencing rendered ineffective assistance by failing to adequately argue that <u>Apprendi</u> prohibited the judge from basing his sentence on facts not found by the jury. To prevail on a claim of ineffective assistance, Riley must show (1) "that counsel's representation fell below an objective standard of reasonableness," <u>Strickland v. Washington</u>, 466 U.S. 668, 688 (1984), and (2) "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different," <u>id.</u> at 694. Even if in the wake of <u>Apprendi</u> it would have been objectively unreasonable for counsel to fail to object to judicial fact-finding at sentencing, Riley cannot prevail on his ineffective assistance claim because his counsel did argue that all facts relevant to his sentence should have been proven to the jury beyond a reasonable doubt rather than found by a preponderance of the evidence by the judge. J.A. 157-59. Accordingly, we affirm the denial of relief on Ground Six. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>

---

[2]We express our thanks to Riley's appointed counsel who submitted excellent briefs on appeal.