NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois  60604**

Submitted May 26, 2010
Decided May 26, 2010

**Before**

FRANK H. EASTERBROOK, *Chief Judge*

RICHARD A. POSNER, *Circuit Judge*

DIANE P. WOOD, *Circuit Judge*

No. 09-1491

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>    *Plaintiff-Appellee,* | Appeal from the United States District<br>Court for the Western District of Wisconsin. |
| *v.* | No. 3:07-cr-00057-bbc-1 |
| CALVIN BRUCE,<br>    *Defendant-Appellant.* | Barbara B. Crabb,<br>*Judge*. |

**O R D E R**

A jury found Calvin Bruce guilty of possessing with intent to distribute fifty grams or more of crack, 21 U.S.C. § 841(a)(1), and he was sentenced to 360 months' imprisonment. We upheld his conviction on appeal but remanded for resentencing in light of *Kimbrough v. United States*, 552 U.S. 85 (2007). *United States v. Bruce*, 550 F.3d 668 (7th Cir. 2008).  On remand the district court imposed a lower imprisonment term of 324 months (27 years), which was below the applicable guidelines range.  Bruce again appealed, but this time appointed counsel believes it would be frivolous to appeal the new sentence and seeks permission to withdraw under *Anders v. California*, 386 U.S. 738 (1967).  Bruce objects to counsel's motion and in turn raises several challenges to the underlying conviction.  *See* CIR. R. 51(b).

Counsel considers whether Bruce could argue that his below-guidelines sentence was unreasonable but concludes that any such challenge would be frivolous. On remand the district court properly assessed Bruce's guidelines range as 30 years to life (based on an offense level of 37 and a criminal history category of VI). We agree that it would be frivolous to challenge the reasonableness of the 27-year sentence. Within-guideline sentences are presumptively reasonable on appeal, *Rita v. United States*, 551 U.S. 338, 347 (2007); *United States v. Liddell*, 543 F.3d 877, 885 (7th Cir. 2008), and we have never held a below-range sentence to be unreasonably high, *see United States v. Jackson*, 598 F.3d 340, 345 (7th Cir. 2010). The court here properly justified the sentence, citing Bruce's extensive criminal history. *See* 18 U.S.C. § 3553(a).

In his Rule 51(b) submission, Bruce focuses on perceived errors in his conviction. He argues that the district court should have suppressed the crack cocaine and his confession, both of which he says were illegally obtained. These issues, however, should have been raised in his initial direct appeal, in which we affirmed Bruce's conviction. This appeal is limited to issues arising out of the resentencing. *United States v. Jackson*, 186 F.3d 836, 838 (7th Cir. 1999); *United States v. Parker*, 101 F.3d 527, 528 (7th Cir. 1996). By omitting from his original appeal any challenges to the admission of the crack or his confession, Bruce has waived them.

Accordingly, we **GRANT** counsel's motion to withdraw and **DISMISS** the appeal.