NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted August 10, 2011
Decided August 17, 2011

**Before**

FRANK H. EASTERBROOK, *Chief Judge*

JOHN L. COFFEY, *Circuit Judge*

DANIEL A. MANION, *Circuit Judge*

No. 10-3335

| | |
|---|---|
| UNITED STATES OF AMERICA | Appeal from the United States District |
|     *Plaintiff-Appellee*, | Court for the Southern District of |
| | Indiana, New Albany Division. |
|     *v.* | |
| | No. 4:06CR00023-014 |
| JEFFERY DEAN, | |
|     *Defendant-Appellant*. | Sarah Evans Barker, |
| | *Judge*. |

**O R D E R**

A jury found Jeffery Dean guilty of conspiracy to possess and distribute methamphetamine, *see* 21 U.S.C. §§ 846, 841(a)(1), and in August 2008 the district court sentenced him to 156 months' imprisonment. After we vacated that term and remanded for resentencing, *United States v. Dean*, 574 F.3d 836 (7th Cir. 2009), the district court again ordered Dean to serve 156 months. He filed another appeal, but his appointed lawyer has concluded that the case is frivolous and moves to withdraw. *See Anders v. California*, 386 U.S. 738 (1967). We review only the potential issues identified in counsel's facially adequate brief and in Dean's response. *See* CIR. R. 51(b); *United States v. Schuh*, 289 F.3d 968, 973-74 (7th Cir. 2002).

At the first sentencing hearing, the district court concluded that the conspiracy involved more than 150 kilograms of methamphetamine, which corresponds to a base offense level of 38. *See* U.S.S.G. § 2D1.1(c)(1). But the court did not make a finding about how much of that total was foreseeable to Dean and within the scope of his joint undertaking with his coconspirators (and thus properly attributable to him, *see id*. § 1B1.3(a)(1)(B)). Instead, the court started at Level 38 and subtracted 4 levels to "split the difference" between that figure and the Level 30 which, Dean argued, should apply. *Dean*, 574 F.3d at 841. The court then shaved another point after concluding that drug addiction rather than greed drove Dean's participation in the conspiracy. *Id*. The result of this unconventional approach was a Level 33, which, coupled with Dean's Category II criminal history, yielded an imprisonment range of 151 to 188 months. On Dean's appeal we affirmed his conviction but remanded for resentencing and directed the district judge to determine the drug quantity applicable to Dean. *Id*. at 845-46. On remand the court found that Dean was responsible for at least 11.2 kilograms of methamphetamine, establishing an offense level of 36, *see* U.S.S.G. § 2D1.1(c)(2), and a guidelines range (taking into account the 20-year statutory maximum, *see* 21 U.S.C. § 841(b)(1)(C)) of 210 to 240 months. Any amount of methamphetamine from 5 to 15 kilograms would have yielded the same imprisonment range. *See* U.S.S.G. § 2D1.1(c)(2).

In his *Anders* submission counsel appropriately acknowledges that any challenge to Dean's conviction would be outside the scope of our remand and thus frivolous. This appeal is limited to claims arising from Dean's resentencing; other issues that could have been raised in the earlier appeal are waived. *See United States v. Jackson*, 186 F.3d 836, 838 (7th Cir. 1999); *United States v. Parker*, 101 F.3d 527, 528 (7th Cir. 1996).

As to the resentencing, counsel first considers challenging the drug quantity (and corresponding offense level of 36) set by the district court on remand. Part of the court's 11.2-kilogram total comes from the trial testimony of codefendant Aaron Unger, who said that during the conspiracy he delivered to Dean a total of 6.3 kilograms that had been fronted to Dean by other coconspirators. Unger also recounted that he collected from Dean payment for past deliveries. The district court credited Unger's testimony (despite his later recantation), and Dean cannot escape responsibility for drug transactions in which he was personally involved; foreseeability is not an issue. *See* U.S.S.G. § 1B1.3(a)(1)(A); *United States v. Martinez*, 518 F.3d 505, 510 (7th Cir. 2008); *United States v. Gutierrez-Herrera*, 293 F.3d 373, 376 (7th Cir. 2002). And since 6.3 kilograms is more than enough to sustain an offense level of 36, any appellate claim would be frivolous. It does Dean no good to argue, as he does in his Rule 51(b) response, that additional drug amounts were incorrectly attributed to him in reaching 11.2 kilograms.

Finally, counsel recognizes that any challenge to the reasonableness of Dean's prison sentence would be frivolous. We presume that a below-guidelines sentence is reasonable, *United States v. Berg*, 640 F.3d 239, 255 (7th Cir. 2011); *United States v. West*, 628 F.3d 425, 431 (7th Cir. 2010), and counsel is unable to identify any reason to disregard that presumption.

We GRANT counsel's motion to withdraw and DISMISS the appeal.