BAUER, Circuit Judge.
Reggie Golden pleaded guilty to possessing a firearm as a felon in violation of 18 U.S.C. § 922(g)(1) and was sentenced to 200 months imprisonment. On appeal, Golden challenges the district court’s enhancement of his sentence pursuant to the armed-criminal career statute, 18 U.S.C. § 924(e). Golden argues that the district court erred in determining that Golden had committed three prior violent felony offenses for the purpose of the § 924(e) enhancement. Specifically, Golden contends that the court erred in classifying as “violent felonies” his two prior convictions for failure to report to county jail. We affirm.
*613 I. Background
On November 10, 2005, Golden pleaded guilty pursuant to a written plea agreement to count II of a superceding indictment, possession of a firearm by a felon in violation of 18 U.S.C. § 922(g)(1).
At the sentencing hearing, Golden objected to the Pre-Sentence Investigation Report’s recommendation that he was subject to the sentencing enhancement provision of § 924(e). Golden had been convicted previously of possession of a short-barreled shotgun, false imprisonment, and, on two separate occasions, failure to report to county jail in violation of the Wisconsin Criminal Code, Wis. Stat. § 946.425(lm)(b). Golden conceded that his convictions for possession of a short-barreled shotgun and false imprisonment were violent felonies. Golden argued, however, that failure to report to jail did not constitute a violent felony pursuant to § 924(e).
The district court accepted the plea agreement and, over Golden’s objection, found that the provisions of § 924(e) applied to Golden’s sentence because Golden had at least three previous convictions for violent felony offenses, including the two convictions for failure to report to county jail. The district court then determined that the applicable guideline sentence was 188 to 235 months and sentenced Golden to 200 months of imprisonment, followed by five years of supervised release. This timely appeal followed.
II. Discussion
Under § 924(e), a defendant who violates 18 U.S.C. § 922(g) and who has at least three prior convictions for violent felonies or serious drug offenses is subject to a mandatory minimum sentence of fifteen years imprisonment. 18 U.S.C. § 924(e)(1). Golden concedes that he has two prior convictions for violent felonies, possession of a short-barreled shotgun and false imprisonment, but argues that the district court erred in determining that his prior convictions for failure to report to jail constitute violent felonies pursuant to § 924(e). He contends that the failure to report to jail does not contain as an element the use, attempted use, or threatened use of physical force against another person or otherwise present serious potential risk of physical injury to another person. Whether a prior offense constitutes a “violent felony” for purposes of sentencing is a question of law that we review de novo. United States v. Wallace, 326 F.3d 881, 886 (7th Cir.2003).
Section 924(e)(2)(B) defines “violent felony” as any crime punishable by imprisonment exceeding one year that—
(1) has an element the use, attempted use, or threatened use of physical force against the person of another, or
(2) is burglary, arson, or extortion, involves the use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.
Id. (emphasis added).
Golden’s prior convictions for felony failure to report to jail were pursuant to Wis. Stat. § 946.425(lm)(b).[1] There is no dispute that the use or threatened use of physical force are not elements of an offense under Wis. Stat. § 946.425(lm)(b). The Court therefore must consider whether the failure to report to jail “otherwise involves conduct that presents a serious *614 potential risk of physical injury to another.” 18 U.S.C. § 924(e)(2)(B)(ii).
In making a risk determination, “the benchmark should be the possibility of violent confrontation, not whether one can postulate nonconfrontational hypothetical scenario.” United States v. Franklin, 302 F.3d 722 at 723 (7th Cir.2002) (quoting United States v. Davis, 16 F.3d 212, 217 (7th Cir.1994)). Rather than examining the specific facts of each defendant’s offense to determine whether that offense constitutes a violent felony, “sentencing courts take a categorical approach, looking to the statutory elements of the crime.... ” Id. at 725 (holding that the crime of escape is a crime of violence for purposes of § 924(e) because escape involves a “serious potential risk of physical injury to another”). See also Taylor v. United States, 495 U.S. 575, 600-01, 110 S.Ct. 2143, 109 L.Ed.2d 607 (1990) (adopting a formal, categorical approach for determining whether a particular offense constitutes a “violent felony” under § 924(e)).
Under this categorical approach, the Court sees no principled distinction between the failure to report to jail and the failure to report back to a halfway house after being absent on a work release. See United States v. Bryant, 310 F.3d 550 at 553-54 (7th Cir.2002). In Bryant, this Court held that the crime of escape, as a category, is a crime of violence for purposes of the federal sentencing guidelines. Id. at 554. After pleading guilty to four counts of making false statements in connection with the transfers of firearms in violation of 18 U.S.C. § 922(a)(6), the defendant received an elevated base offense level under the sentencing guidelines because of his previous conviction for a “crime of violence.” The defendant had been convicted of the crime of “escape” for failing to return to a halfway house after receiving permission to be absent temporarily for work purposes. Id. The defendant was on the lam for ten days before being re-apprehended. He was charged with and pleaded guilty to violating the federal scape statute, 18 U.S.C. § 751(a). Id.
On appeal, this Court rejected the defendant’s argument that the Court should adopt a fact-specific approach to determine whether a particular offense constitutes a crime of violence under the sentencing guidelines, reasoning that this Court’s decision in Franklin and the Supreme Court’s decision in Taylor foreclosed that argument. Id. at 553-54 (citing Franklin, 302 F.3d at 724, Taylor, 495 U.S. at 601, 110 S.Ct. 2143). Moreover, the Court explained, the defendant’s “approach risks opening the courts to countless arguments as to whether a crime is actually an ‘escape’ or merely a ‘failure to return.’ ” Id. at 554.
The same reasoning holds true in the instant matter. While Golden attempts to distinguish the failure to report to jail from escape by arguing that the failure to report to jail is a passive inaction rather than the deliberate action of escaping from jail, both offenses involve the same potential for a violent confrontation. In failing to report to jail, the potential for a violent confrontation arises between the defendant and law enforcement during the attempted capture. In escaping from jail or in failing to report back to a halfway house, the potential for a violent confrontation arises during the attempted recapture. Differentiating between capture and recapture serves no useful purpose. Both offenses also involve a defendant whose guilt has been adjudicated, who has received a sentence, and who knows what the future holds: incarceration. Following the required categorical approach for determining whether an offense is a “violent felony” *615 for purposes of § 924(e), we find that the offense of failing to report to jail constitutes such a “violent felony.” The district court properly applied the sentencing enhancement to Golden.
III. Conclusion
For the foregoing reasons, we Affirm the sentence imposed by the district court.

. Under this statute, "[a]ny person who receives a stay of execution of a sentence of imprisonment of 10 or more days to a county jail under s. 973.15(8)(a) and who intentionally fails to report to the county jail as required under the sentence is guilty of a Class H felony.” Wis. Stat. § 946.425(lm)(b) (2005).