**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted May 16, 2007[*]
Decided May 16, 2007

**Before**

Hon. WILLIAM J. BAUER, *Circuit Judge*

Hon. KENNETH F. RIPPLE, *Circuit Judge*

Hon. DIANE S. SYKES, *Circuit Judge*

No. 07-1048

UNITED STATES OF AMERICA,
    *Plaintiff-Appellee,*

        *v.*

BRUCE P. HUNT,
    *Defendant-Appellant.*

Appeal from the United States
District Court for the Western
District of Wisconsin

No. 06-CR-107-C-01

Barbara B. Crabb,
*Chief Judge.*

**O R D E R**

Bruce Hunt pleaded guilty to being a felon in possession of a firearm, 18 U.S.C. § 922(g)(1), and after the judge determined that he had previously committed three violent felonies he was sentenced to 180 months' imprisonment as an armed career criminal. *Id.* at § 924(e)(1). On appeal he argues that the district court erred in classifying his earlier conviction for failing to report to jail as a "violent felony." Hunt acknowledges that his argument is foreclosed by *United*

---

[*] After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Fed. R. App. P. 34(a)(2).

*States v. Golden*, 466 F.3d 612 (7th Cir. 2006), which he urges us to overrule.  For the reasons already articulated in *United States v. Chambers*, 473 F.3d 724 (7th Cir. 2007), we decline to do so and affirm.

The Armed Career Criminal Act requires a minimum 15-year sentence if a defendant has at least three previous "violent felony" convictions.  18 U.S.C. § 924(e)(1).  Hunt's presentence report listed three such qualifying convictions, including a conviction for failing to report to county jail.  Although we concluded in *Golden* that failure to report to jail was a "violent felony" under § 924(e), 466 F.3d at 615, Hunt nonetheless objected to the use of his conviction for failing to report to jail as a basis for the § 924(e) enhancement.  The sentencing court rejected Hunt's argument.

On appeal Hunt recognizes that *Golden* holds that failure to report to jail is a violent felony under § 924(e) because it "involves conduct that presents a serious potential risk of physical injury to another," 466 F.3d at 613-14, 615 (quoting 18 U.S.C. § 924(e)(2)(B)(ii)).  Nonetheless he argues that, in light of language in other opinions and the *Golden* dissent, we should reconsider our holding in *Golden. See Chambers*, 473 F.3d at 727 (in dicta) (noting that future research establishing whether failures to report or return to jail actually present a serious risk of physical injury might call into question the characterization of such crimes as violent felonies); *Golden,* 466 F.3d at 616-19 (Williams, J., dissenting) (reasoning that failure to report to jail does not create a serious risk of physical injury, and opining that characterizing it as such raises due process concerns); *United States v. Piccolo*, 441 F.3d 1084, 1088 (9th Cir. 2006) (holding that a peaceful failure to return to a halfway house is not a crime of violence under U.S.S.G. § 4B1.2(a)(2), a provision analogous to § 924(e)(2)(B)(ii)).

But in *Chambers* we recently rejected a similar request to overrule *Golden,* noting that "we shrink from trying to overrule a decision that is only a few months old . . . [and] that tracked an earlier and materially identical decision [*United States v. Bryant*, 310 F.3d 550, 554 (7th Cir. 2002) (failure to return to a halfway house is a crime of violence under U.S.S.G. § 4B1.2(a)(2))]." *Chambers,* 473 F.3d at 726.  Hunt recognizes  that in *Chambers* we noted that statistical evidence on the risk of violence posed by failures to report to jail might call into question whether such crimes have been properly characterized as violent felonies.  But Hunt presented no such evidence to the district court or here, nor has he presented any other compelling reason to overrule *Golden*.

The district court's decision is therefore AFFIRMED.