**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted November 7, 2007[*]
Decided November 9, 2007

**Before**

Hon. MICHAEL S. KANNE, *Circuit Judge*

Hon. TERENCE T. EVANS, *Circuit Judge*

Hon. ANN CLAIRE WILLIAMS, *Circuit Judge*

No. 06-4013

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, | Appeal from the United States District Court for the Northern District of Indiana, Hammond Division |
| *v.* | No. 2:05-CR-154 |
| ANTHONY LEE CRUZ, *Defendant-Appellant*. | Rudy Lozano, *Judge*. |

## O R D E R

Anthony Cruz pleaded guilty to possession of a firearm by a felon. *See* 18 U.S.C. § 922(g)(1). For this crime the default base offense level under the sentencing guidelines is 14. *See* U.S.S.G. § 2K2.1(a)(6). The probation officer reasoned, however, that Cruz's 1999 felony conviction for Failure to Return to Lawful Detention, *see* Ind. Code § 35-44-3-5(c), constituted a conviction for a crime

---

[*] After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Fed. R. App. P. 34(a)(2).

of violence and thus his base offense level should be 20 instead of the default. *See* U.S.S.G. § 2K2.1(a)(4). After subtracting three levels for acceptance of responsibility, *see* U.S.S.G. § 3E1.1, and establishing a criminal history category of VI, the probation officer calculated Cruz's guidelines imprisonment range to be 51 to 63 months. At sentencing Cruz objected to the classification of his 1999 conviction as a crime of violence and to the corresponding increase in his base offense level. The district court, rejecting these objections, sentenced Cruz to 51 months' imprisonment and three years' supervised release. Cruz challenges the court's rulings on appeal. Our review is de novo. *United States v. Golden*, 466 F.3d 612, 613 (7th Cir. 2006).

We have held repeatedly that all types of escapes, including both walkaways and failures to report or return to lawful detention, are categorically crimes of violence. *See, e.g.*, *United States v. Chambers*, 473 F.3d 724, 726 (7th Cir. 2007); *Golden*, 466 F.3d at 614-15; *United States v. Bryant*, 310 F.3d 550, 554 (7th Cir. 2002); *United States v. Franklin*, 302 F.3d 722, 725 (7th Cir. 2002). Although we noted in both *Golden* and *Chambers* that we would be willing to reexamine our categorical approach if presented with data to the contrary, *see Chambers*, 473 F.3d at 726-27; *Golden*, 466 F.3d at 615-16 (Rovner, J., concurring), Cruz presented the district court with no evidence that might cause us to reconsider our view.

AFFIRMED.