NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Argued April 23, 2008
Decided September 18, 2008

**Before**

RICHARD D. CUDAHY, *Circuit Judge*

JOHN L. COFFEY, *Circuit Judge*

JOHN DANIEL TINDER, *Circuit Judge*

No. 07-2733

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, | Appeal from the United States District Court for the Western District of Wisconsin. |
| *v.* | No. 06-CR-174-C |
| GREGORY J. BURKS, *Defendant-Appellant*. | Barbara B. Crabb, *Chief Judge.* |

**O R D E R**

Gregory Burks was convicted of possessing crack with intent to distribute, 21 U.S.C. § 841(a)(1), and sentenced as a career offender on the basis of state convictions for escape and for failure to report. In light of *United States v. Templeton*, No. 07-2949, 2008 WL 4140616 (7th Cir. Sept. 9, 2008), in which we abrogated our precedent holding that all escape and failure-to-report crimes qualify as violent felonies for the purposes of career offender status, we remand for resentencing.

## I. Background

In 2006 a Madison, Wisconsin police officer working undercover bought crack cocaine from a drug dealer he knew as Shane. During the sale, Shane, also known as Melvin Jackson, was joined by his partner Gregory Burks. The two were arrested and both later pleaded guilty to possession with intent to distribute. 21 U.S.C. § 841(a)(1). Burks was sentenced as a career offender because the district court held that he had been convicted of two crimes of violence. U.S.S.G. § 4B1.1, 4B1.2. The first was a 2002 conviction for failure to report, *see* WIS. STAT § 946.425(1m)(b), where Burks had failed to report to county jail to serve a series of short sentences that totaled less than one year. The record contains no details about his eventual apprehension by the authorities. Burks's second crime of violence was a 2003 conviction for escape, *see* WIS. STAT § 946.42(3)(a), where, after a traffic stop, an officer attempted to put Burks into her vehicle, but he broke free and ran away. Two days later an officer attempted to take Burks into custody at his sister's home, but he ran away a second time. Again, the record reveals that Burks was eventually apprehended by the authorities, but it does not reveal any details about how he was apprehended.

At sentencing, Burks argued that he was not a career offender because his prior convictions for failure to report to jail and escape should not be considered crimes of violence under U.S.S.G. § 4B1.2(a). To that end, Burks presented the testimony of Barry Widera of Court Data Technologies, a consulting business specializing in researching data maintained by the Wisconsin court system. Burks argued that the data, which we summarized in our *Templeton* opinion, *Templeton*, 2008 WL 4140616, at *3, showed that neither the escape conviction nor the failure-to-report conviction should be considered a crime of violence under U.S.S.G. § 4B1.2 because in a typical case, neither "presents a serious potential risk of physical injury to another." The district court thanked Burks for his efforts, but ruled that it was bound by circuit precedent to treat the two convictions as crimes of violence triggering career offender status. The court calculated Burks's guidelines range as a career offender to be 188 to 235 months and gave him 188 months.

## II. Analysis

Career offender status applies only to a defendant who has "at least two prior felony convictions of either a crime of violence or a controlled substance offense." U.S.S.G. § 4B1.1(a)(3). "Crime of violence" is defined as

> any offense under federal or state law, punishable by imprisonment for a term exceeding one year that –

> (1) has as an element the use, attempted use, or threatened use of physical force against the person of another, or
> (2) is burglary of a dwelling, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.

We had read the "otherwise" clause in § 4B1.2(a)(2) and the identical language in 18 U.S.C. § 924(e) to encompass the crimes of escape and failure to report. *United States v. Chambers*, 473 F.3d 724, 726 (7th Cir. 2007) (escape); *United States v. Golden*, 466 F.3d 612, 614-15 (7th Cir. 2006) (failure to report). Burks's only argument on appeal was that the data he presented required us to revisit that precedent. But exactly one week before oral argument, the Supreme Court issued its opinion in *Begay v. United States*, 128 S. Ct. 1581 (2008), which held that felony drunk driving was not a violent felony under the Armed Career Criminal Act because even assuming that it presented "a serious potential risk of physical injury to another," it was "too unlike the provision's listed examples." *Id.* at 1584. In supplemental briefing on the applicability of *Begay*, Burks argues that escape and failure to report should not be categorically considered crimes of violence because they are also unlike the enumerated examples. We recently agreed. *Templeton*, 2008 WL 4140616.

In *Templeton*, we held that a conviction under WIS. STAT. § 946.425 for failure to report was not a crime of violence, *Templeton*, 2008 WL 4140616, at *5, and that a conviction under WIS. STAT. § 946.42 for escape was not categorically a crime of violence, *id.* With regard to the escape conviction, we remanded so that the district court could determine, by looking at the indictment or other charging papers, whether the way in which the defendant committed the offense qualified it as a crime of violence. Here too, Burks's conviction for failure to report is not a crime of violence, but we cannot say whether his conviction for escape qualifies. That would seem to leave only one possible violent felony, which would preclude career offender status. *See* U.S.S.G. § 4B1.1, 4B1.2. But further proceedings on the nature of Burks's escape conviction may be necessary because he has another prior conviction—for vehicular fleeing/eluding an officer, WIS. STAT. § 346.04(3)—which the district court may determine to be a crime of violence itself. *Cf. United States v. Spells*, No. 07-1185, 2008 WL 3177284, *8 (7th Cir. Aug 8, 2008) (holding that after *Begay*, Indiana's law against fleeing an officer, which is similar to Wisconsin's law, constitutes a "violent felony").

Accordingly, we REMAND for re-sentencing.