NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Argued November 13, 2007
Decided October 3, 2008

**Before**

JOHN L. COFFEY, *Circuit Judge*

TERENCE T. EVANS, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

No. 06-4033

|  |  |
|---|---|
| UNITED STATES OF AMERICA, <br> *Plaintiff-Appellee*, | Appeal from the United States District Court for the Western District of Wisconsin. |
| *v.* | No. 06 CR 117 |
| TIMOTHY L. HURNS, <br> *Defendant-Appellant*. | John C. Shabaz, <br> *Judge*. |

**O R D E R**

Timothy Hurns appeals his 300-month sentence for possessing crack cocaine with the intent to distribute it. *See* 21 U.S.C. § 841(a)(1). The district court selected the sentence after determining that Hurns was a career offender based on prior convictions for a controlled-substance offense and for escape from custody. At the time of sentencing, our precedent required district courts to treat all escape crimes as qualifying offenses for career-offender status, *see United States v. Golden*, 466 F.3d 612 (7th Cir. 2006), but we recently reconsidered *Golden* in light of the Supreme Court's opinion in *Begay v. United States*, 128 S. Ct. 1581 (2008). *See United States v. Templeton*, No. 07-2949, 2008 WL 4140616 (7th Cir. Sept. 9, 2008). As we did in *Templeton*, we remand for resentencing.

## I. Background

Hurns sold powder cocaine to an undercover officer—twice for money and once for guns. Law enforcement later discovered that Hurns also employed Angel Patterson, his girlfriend, and her roommate, Kayla Hancock, as dealers, and that Hurns would "cook" and weigh cocaine in their home. A search of the home uncovered 72 grams of crack cocaine, mail addressed to Hurns, a digital scale, drug paraphernalia, and $900 in cash. Hurns was charged with three counts of distributing powder cocaine and one count of possession with intent to distribute 50 grams or more of crack cocaine. *See* 21 U.S.C. § 841(a)(1). In exchange for the government's promise to drop the first three charges, Hurns pleaded guilty to the fourth charge.

At sentencing, the district court found Hurns responsible, as relevant conduct, for the equivalent of 3,000 to 10,000 kilograms of marijuana, earning him a base offense level of 34. *See* U.S.S.G. § 2D1.1(c)(3). With a two-level upward adjustment for possessing firearms in connection with a drug-trafficking offense, *see id.* § 2D1.1(b)(1), a two-level upward adjustment for being a leader of a criminal activity involving two or more persons, *see id.* § 3B1.1(c), and a three-level reduction for accepting responsibility, *see id.* § 3E1.1, the court calculated Hurns's adjusted offense level as 35.

The court also determined, over Hurns's objection, that he is a career offender under the guidelines. *See id.* § 4B1.1. The probation officer had recommended that status based on Hurns's prior commission of a controlled-substance offense (possessing cocaine with intent to distribute) and of a crime of violence (escape from custody pursuant to a criminal arrest, WIS. STAT. § 946.42(3)(a)). *See id.* § 4B1.1(a). Hurns argued that his escape offense, which consisted of failing to return after an authorized absence from a community corrections center, should not count as a crime of violence. The district court disagreed, citing *Golden*, 466 F.3d at 612, and noting that a failure to return, like other escapes, carries a potential for violent confrontation at the time of recapture.

Hurns's career-offender status did not alter his offense level, but it did raise his criminal history score from V to VI, *see* U.S.S.G. § 4B1.1(b), which in turn yielded an advisory guidelines range of 292 to 365 months' imprisonment, *see id.* Ch. 5, Pt. A. The court sentenced Hurns to 300 months' imprisonment, five years' supervised release, and a $100 special assessment.

## II. Analysis

On appeal, Hurns disputes the district court's determination that he is a career offender based on his prior conviction for escape. Career-offender status applies only to a defendant who has "at least two prior felony convictions of either a crime of violence or a controlled substance offense." *Id.* § 4B1.1(a)(3). "Crime of violence" is defined as

> any offense under federal or state law, punishable by imprisonment for a term exceeding one year that –
>
> > (1) has as an element the use, attempted use, or threatened use of physical force against the person of another, or
> >
> > (2) is burglary of a dwelling, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.

*Id.* at § 4B1.2(a). The district court's determination that Hurns's conviction for escape from custody pursuant to a criminal arrest, WIS. STAT. § 946.42(3)(a), was a crime of violence was required by *Golden*, 466 F.3d at 614-15, in which we held that the great risk of harm from recapturing a defendant who had escaped from custody, even when the escape was a passive failure to report, made it a "violent felony" under the Armed Career Criminal Act. (The ACCA's definition of "violent felony" is identical to the definition of "crime of violence" under the Sentencing Guidelines, and our interpretation of the two is the same as well. *Templeton*, 2008 WL 4140616, at *1.)

After oral argument in this case, the Supreme Court decided *Begay*, 128 S. Ct. at 1581, which held that felony drunk driving was not a violent felony under the Armed Career Criminal Act because even assuming that it presented "a serious potential risk of physical injury to another," it was "too unlike the provision's listed examples," i.e. burglary of a dwelling, arson, extortion, and crimes involving explosives. *Id.* at 1584. Hurns filed a Citation of Supplemental Authority, *see* FED. R. APP. P. 28(j), in which he argued that the reasoning of *Begay* required us to reconsider our precedent holding escape crimes to categorically be crimes of violence for purposes of career-offender status. We recently agreed with this argument in *Templeton*.

In *Templeton*, we held that a conviction under WIS. STAT. § 946.42 for escape was not categorically a crime of violence, and we remanded so the district court could determine, by looking at the indictment or other charging papers, whether the way in which the

defendant committed the offense qualified it as a crime of violence. *Templeton*, 2008 WL 4140616, at *5-6. Hurns's PSR suggests that Hurns did not actively escape, but merely failed to return after being given permission to leave a community corrections center. As in *Templeton*, however, we must remand for further proceedings to determine whether the way in which Hurns committed the offense in question qualifies it as a crime of violence.

Hurns also argues that his sentence is unreasonable because it fails to account for the disparity between sentences for crack and powder cocaine. There is no requirement that district courts impose lower sentences based on the crack-powder ratio, but they *may* do so. *See Kimbrough v. United States*, 128 S. Ct. 558, 575 (2007). Even so, an argument that the district court should consider the ratio would go nowhere if Hurns were properly considered a career offender. *See United States v. Harris*, 536 F.3d 798, 813 (7th Cir. 2008). The district court might hold on remand that he is not a career offender. If it does, the court may consider Hurns's argument that his sentence should be reduced to account for the crack-powder ratio.

Accordingly, we REMAND for resentencing.