NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois  60604**

Submitted October 21, 2009
Decided October 22, 2009

**Before**

RICHARD A. POSNER, *Circuit Judge*

JOEL M. FLAUM, *Circuit Judge*

KENNETH F. RIPPLE, *Circuit Judge*

No.  09-1531

| | |
|---|---|
| UNITED STATES OF AMERICA, | Appeal from the United States District Court |
| *Plaintiff-Appellee*, | for the Western District of Wisconsin. |
| | |
| *v.* | No. 06-CR-117 |
| | |
| TIMOTHY HURNS, | Barbara B. Crabb, |
| *Defendant-Appellant*. | *Chief Judge*. |

**O R D E R**

Timothy Hurns pleaded guilty to possessing crack cocaine with intent to distribute. *See* 21 U.S.C. § 841(a)(1).  The district court initially sentenced him as a career offender to 300 months in prison.  *See* U.S.S.G. § 4B1.1.  On direct appeal, *see United States v. Hurns*, 295 F. App'x 820 (7th Cir. 2008), we vacated that sentence after concluding that a conviction for escape, which served as one of the qualifying predicates for the career-offender designation, was not a "crime of violence" as recently defined by the Supreme Court in *Begay v. United States*, 128 S. Ct. 1581 (2008).

On remand the district court calculated a total offense level of 33 and criminal-history category of V, yielding a guidelines imprisonment range of 210 to 262 months. Hurns requested a sentence of 12 years; he argued that a criminal-history category of V

overstated the severity of his criminal record, that he had no contact with his father while growing up in a crime-infested neighborhood, and that he had taken every opportunity to better himself in prison since the first sentencing.  The court imposed a sentence of 150 months' imprisonment.

Hurns filed a notice of appeal, but his appointed lawyer has concluded that the appeal is frivolous and moves to withdraw under *Anders v. California*, 386 U.S. 738 (1967).  Hurns did not respond to counsel's motion.  *See* CIR. R. 51(b).  We confine our review to the potential issues identified in counsel's facially adequate brief.  *See United States v. Schuh*, 289 F.3d 968, 973-74 (7th Cir. 2002).

After noting that our review would be limited to sentencing issues arising from the remand, *see United States v. Swanson*, 483 F.3d 509, 515 (7th Cir. 2007); *United States v. Parker*, 101 F.3d 527, 528 (7th Cir. 1996), counsel identifies two potential issues.  The first is the calculation of the guidelines imprisonment range.  But as to that question, counsel concedes that Hurns never objected to the district court's calculation, and, moreover, counsel does not suggest any basis for arguing that the offense level or the criminal-history score is incorrect.  Thus, a challenge to the imprisonment range would be frivolous.

The second potential issue is the reasonableness of Hurns's prison sentence.  That sentence is significantly below the guidelines range and is presumptively reasonable.  *See United States v. Liddell*, 543 F.3d 877, 885 (7th Cir. 2008); *United States v. Filipiak*, 466 F.3d 582, 583 (7th Cir. 2006).  And, as counsel points out, the district court took into account Hurns's arguments for leniency and weighed the sentencing factors in 18 U.S.C. § 3553(a), as required.  *See, e.g., United States v. Mendoza*, 576 F.3d 711, 721 (7th Cir. 2009).  The court told Hurns, in assessing his criminal history, that there was much about his "record that doesn't look too good."  But in Hurns's favor, the court took note of his difficult childhood and his determination to use his time in prison productively.  The district court needed only to give an adequate statement of reasons, consistent with § 3553(a), for its choice of sentence.  *See United States v. Smith*, 562 F.3d 866, 873 (7th Cir. 2009).  The court did so, and it would thus be frivolous for Hurns to argue that his prison sentence is unreasonable.

Accordingly, we GRANT counsel's motion to withdraw and DISMISS the appeal.