NONPRECEDENTIAL DISPOSITION
To be cited only in accordance
with Fed. R. App. R. 32

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted September 8, 2009
Decided October 9, 2009

**Before**

RICHARD D. CUDAHY, *Circuit Judge*

JOHN L. COFFEY, *Circuit Judge*

JOHN DANIEL TINDER, *Circuit Judge*

No. 09-1642

|  |  |
|---|---|
| UNITED STATES OF AMERICA, | Appeal from the United States District Court for the Western District of Wisconsin |
| *Plaintiff-Appellee* |  |
| *v.* | No. 06-CR-174-C |
| GREGORY J. BURKS, | Barbara B. Crabb, |
| *Defendant-Appellant* | *Chief Judge* |

**O R D E R**

Gregory Burks is appealing the 150 month sentence he received after being classified as a career offender based on his prior state convictions for escape from custody and fleeing from an officer being classified as crimes of violence. In light of our opinion in *United States v. Woods,* 576 F.3d 400 (7th Cir. 2009), the Wisconsin escape statute, Wis. Stat. § 946.42, is not a divisible statute and the court may look only to the generic offense and not the specific conduct of a particular offender to determine whether the offense is a crime of violence. *Id.* at 405; *United States v. Smith*, 544 F.3d 781, 786 (7th Cir. 2008). Because the district court was in error when it examined Burks' specific criminal conduct concluded that his prior escape conviction was a crime of violence, we remand for resentencing.

On April 20, 2007, Burks was convicted for knowingly and intentionally distributing five grams or more of a substance containing cocaine base in violation of 21 U.S.C. § 841(a). At his initial sentencing hearing, Burks received a 188 month sentence after being classified

as a career offender.  U.S.S.G. §§ 4B1.1, 4B1.2.  The district court determined that Burks' 2002 conviction for failure to report in violation of Wis. Stat. § 946.425(1m)(b) and his conviction for escape in violation of Wis. Stat. § 946.42(3) were crimes of violence.  On appeal, we recognized that this Court has held that a "simple failure to report to custody, which violates Wis. Stat. § 946.425" does not constitute a crime of violence and that "it is possible to violate Wis. Stat. § 946.42 in a manner that constitutes a crime of violence under § 4B1.1, and possible to do so in a way that does not."  *United States v. Templeton,* 543 F.3d 378, 383-84 (7th Cir. 2008).  Thus, "we remanded so that the district court could determine, by looking at the indictment or other charging papers, whether the way in which the defendant committed the offense qualified it as a crime of violence."  *United States v. Burks*, No. 07-2733 (7th Cir. Sept. 18, 2008).  In addition to Burks' escape conviction, Burks had another prior conviction for fleeing from an officer in violation of Wis. Stat. § 346.04(3) that could have been considered a crime of violence so that he still could have been subject to career offender status on remand.

At Burks' resentencing hearing on March 6, 2009, the district court examined the plea hearing transcript from his escape conviction and determined Burks' conduct constituted a crime of violence.  Furthermore, Burks fleeing from an officer conviction was also considered a crime of violence.  Thus, the district court again concluded that Burks was a career offender, calculated a guideline range of 188 to 237 months, and imposed a below guideline sentence of 150 months.

While this appeal was still in the briefing stage, this Court, on August 5, 2009, issued an opinion entitled *United States v. Woods*, 576 F.3d 400 (7th Cir. 2009), which revisited the *Templeton* issue defining when a court may use the modified categorical approach and "look at the indictment or other charging papers to determine" whether the defendant was convicted of a crime of violence.  *Templeton*, 543 F.3d at 384.  Under Wisconsin statute, "'escape' means to leave in any manner without lawful permission or authority."  Wis. Stat. § 946.42(2)(b).  In *Woods,* we held that "the Wisconsin offense of escape covers a wide[] variety of conduct, some of which may pose a risk of violence and some of which may not, but [at the same time] the statute is not divisible in the sense called for by the modified categorical approach."  *Id.* at 405.  Thus, the district court must use the categorical approach when examining Wisconsin's escape statute.  Under the categorical approach, "we consider the offense generically; we may not inquire into the specific conduct of a particular offense." *Id.* at 404 (quoting *Smith,* 544 F.3d at 786); *See United States v. Begay,* 128 S.Ct. 1581, 1584 (2008).  Because the district court examined Burks' specific conduct to determine that his escape conviction was a crime of violence, it improperly used the modified categorical approach.

Accordingly, we REMAND for resentencing.