**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Clinton S. PARKER, also known as
Spanky, Defendant–Appellant.**

No. 95–3899.

United States Court of Appeals,
Seventh Circuit.

Submitted Oct. 31, 1996.

Decided Dec. 2, 1996.

Jon E. DeGuilio, Andrew B. Baker, Jr., Office of the U.S. Attorney, Dyer, IN, for plaintiff-appellee.

Willie Harris, Karen M. Freeman–Wilson, Gary, IN, for defendant-appellant.

Clinton S. Parker, pro se.

Before POSNER, Chief Judge, and CUMMINGS and EVANS, Circuit Judges.

POSNER, Chief Judge.

This is the second appeal by Clinton Parker. In his first appeal, we rejected all but one of his claims: that he should not have received an enhancement in his sentence for obstructing justice. We vacated

the judgment of the district court and remanded the case for further proceedings consistent with our opinion. 25 F.3d 442 (7th Cir.1994). On remand, the district court resentenced Parker by written order, without a new sentencing hearing. Parker appealed. His lawyer has filed an *Anders* brief, requesting permission to withdraw as counsel because there is no nonfrivolous ground for an appeal. *Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). The only ground for an appeal identified in the brief is that Parker had a right to be present when he was resentenced, and as the brief explains, there is no such right when as here the case is remanded not for a new sentencing hearing but merely for a nondiscretionary correction of the original sentence. The judge merely dropped the sentence from the lowest point in the guidelines range with a two-level enhancement to the lowest point in the range without the enhancement. The defendant was not required to be present. *United States v. Tamayo,* 80 F.3d 1514, 1518–20 (11th · Cir.1996); *United States v. Jackson,* 923 F.2d 1494, 1497 (11th Cir.1991); cf. Fed.R.Crim.P. 43(c)(4).

■ But in response to the *Anders* brief, the defendant raised a number of other challenges, not *all* frivolous, to his sentence. If his lawyer could have raised these challenges in this second appeal, the appeal is not frivolous and the *Anders* motion must be rejected. He could not have. The remand was limited to the enhancement for the obstruction of justice. Only an issue arising out of the correction of the sentence ordered by this court could be raised in a subsequent appeal. Any issue not arising out of that correction could have been raised in the original appeal and was therefore waived by not being raised then. *United States v. Polland,* 56 F.3d 776, 779 (7th Cir.1995); *United States v. Soto,* 48 F.3d 1415, 1419 n. 10 (7th Cir.1995).

■ This point is worth emphasizing because of language in some of our previous cases that might be read to say that a remand limits the issues open to consideration on remand only if the opinion or order directing it so states. *United States v. Young,* 66 F.3d 830, 836 (7th Cir.1995); *United States v. Atkinson,* 15 F.3d 715, 718–19 (7th Cir.1994);

*United States v. Atkinson,* 979 F.2d 1219, 1223 (7th Cir.1992); *United States v. Barnes,* 948 F.2d 325, 330 (7th Cir.1991). That would not be a correct interpretation or result. As made clear in *United States v. Polland,* supra, the scope of the remand is determined not by formula, but by inference from the opinion as a whole. If the opinion identifies a discrete, particular error that can be corrected on remand without the need for a redetermination of other issues, the district court is limited to correcting that error. A party cannot use the accident of a remand to raise in a second appeal an issue that he could just as well have raised in the first appeal because the remand did not affect it. The sentencing issues that Parker wishes to raise in this second appeal were not affected by the error in the obstruction of justice enhancement that necessitated the remand. They are therefore waived.

The *Anders* motion is granted and the appeal dismissed.