129 F.3d 1268
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Salvador ACOSTA, Defendant-Appellant.
 No. 96-3322.
 United States Court of Appeals, Seventh Circuit.
 Submitted Oct. 14, 1997.*
Decided Oct. 24, 1997.
 
 Appeal from the United States District Court for the Eastern District of Wisconsin.
 Before KANNE, ROVNER and WOOD, Circuit Judges.
 
 ORDER
 
 1
 Salvador Acosta was convicted of drug trafficking and sentenced to 151 months' imprisonment. We vacated that sentence because the district court did not explain the basis for attributing 7.5 kilograms of cocaine to Acosta when conflicting testimony indicated that he was responsible for a significantly lower amount. See United States v. Acosta. 85 F.3d 275 (7th Cir.1996). On remand, the district court used the lower amount of cocaine to calculate Acosta's offense level, and resentenced him to 82 months' imprisonment. Acosta filed a timely notice of appeal, but his attorney filed a motion to withdraw with a supporting Anders brief because, in his opinion, there are no nonfrivolous grounds for appeal. Acosta filed a response raising two grounds for appeal: that he received ineffective assistance from his appellate counsel; and that the district court erred in enhancing his sentence for obstructing justice under U.S.S.G. § 3C1.1. Because the possible issues for review raised by counsel and Acosta are groundless in light of legal principles and decisions, we grant counsel's motion to withdraw and dismiss the appeal as frivolous. See United States v. Witaker, Nos. 95-3809 & 96-1352, slip op. at 25 (7th Cir. October 8, 1997).
 
 
 2
 The only potential issue raised by counsel that merits discussion is whether the district court properly calculated the amount of cocaine attributable to Acosta. We would review this calculation for clear error. United States v. Wade, 114 F.3d 103, 105 (7th Cir.), cert. denied, 1997 WL 458138 (U.S. Oct. 6, 1997) (No. 97-5472). Here, the district court based its finding on testimony by a government informant that Acosta sold him at least one half ounce of cocaine per week for thirty weeks. No evidence was presented at either the original sentencing hearing or the resentencing hearing that contradicted this amount. The district court's conclusion was not clearly erroneous, and it would be frivolous to raise this issue on appeal.
 
 
 3
 As counsel notes, we remanded this case for the sole purpose of having the district court make specific findings about the amount of cocaine attributable to Acosta as relevant conduct. Therefore, only issues arising out of the cocaine calculation would be available for review in this appeal. United States v. Parker, 101 F.3d 527, 528 (7th Cir.1996) ("Only an issue arising out of the correction of the sentence ordered by this court could be raised in a subsequent appeal."). Moreover, Acosta did not challenge the obstruction of justice enhancement during his first appeal. See Acosta, 85 F.3d at 279 n. 2. Thus, any challenge to the obstruction enhancement would also be waived. Parker, 101 F.3d at 528 ("Any issue not arising out of th[e] correction could have been raised in the original appeal and was therefore waived by not being raised then.").
 
 
 4
 Acosta attempts to avoid this result by claiming that his attorney on appeal rendered ineffective assistance. However, on this record, there is no indication that counsel had grounds to appeal the obstruction of justice enhancement. The district court found that Acosta lied to the court in an attempt to suppress evidence of his drug dealing, and ample evidence in the record supports this conclusion. Such conduct certainly qualifies for an enhancement under § 3C1.1, see United States v. Guiterrez, 92 F.3d 468, 471-72 (7th Cir.1996), and, therefore, an appeal on this basis would be groundless.
 
 
 5
 For these reasons, we GRANT counsel's motion to withdraw and DISMISS the appeal.
 
 
 
 *
 This successive appeal has been submitted to the original panel under Internal Operating Procedure 6(b). After an examination of the briefs and the record, we have concluded that oral argument is unnecessary, and the appeal is submitted on the briefs and record. See Fed.R.App.P. 34(a), Cir. R. 34(f)