142 F.3d 441
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
UNITED STATES OF AMERICA, Plaintiff-Appellee,
v.
Louis A. VALERA, also known as Sergio Zaragoza, Defendant-Appellant.
 No. 97-3871.
 United States Court of Appeals,
Seventh Circuit.
 .
Submitted March 5, 1998*.
Decided March 12, 1998.
 
 Appeal from the United States District Court for the Northern District of Illinois, Eastern Division, No. 95 CR 322, Charles P. Kocoras, Judge.
 Before Hon. WALTER J. CUMMINGS, Hon. JOEL M. FLAUM, and Hon. KENNETH F. RIPPLE, Circuit Judges.
 
 ORDER
 
 1
 In 1997 this same panel decided the first appeal of Sergio Zaragoza, also known as Louis A. Valera, 123 F.3d 472. He had pleaded guilty to 17 counts of mail fraud and one count of using a fictitious name in the commission of mail fraud and received a sentence of 41 months' imprisonment followed by three years of supervised release. We affirmed the conviction but remanded for resentencing. The Supreme Court denied certiorari. --- U.S. ----, 118 S.Ct. 317, 139 L.Ed.2d 245.
 
 
 2
 On November 5, 1997, Valera was resentenced to 51 months on Counts 1 through 18 of the superseding indictment to be followed by three years' supervised release plus restitution of $569,741. On November 6, 1997, defendant filed a notice of appeal.
 
 
 3
 In this second appeal defendant contends that the district court erred in refusing to consider a downward departure on the basis of his status as a deportable alien. However, on the remand the district court was conducting a re-sentencing pursuant to a remand for a limited purpose. There was no change in defendant's immigration status between the original sentencing and the re-sentencing, so that there was no excuse for his failure to have raised it at the first sentencing. Judge Kocoras lacked jurisdiction to depart downward on the basis of alienage because such a departure was beyond the scope of the remand.
 
 
 4
 United States v. Wilson, 131 F.3d 1250 (7th Cir.1997), is controlling. There the district court impermissibly went beyond the scope of this Court's mandate. Here too defendant's case was remanded but only for re-sentencing consistent with our prior opinion. As we stated in United States v. Parker, 101 F.3d 527, 528 (1996), "A party cannot use the accident of a remand to raise in a second appeal an issue that he could just as well have raised in the first appeal ***."
 
 
 5
 The district court did not err in declining to consider the defendant's request for a downward departure and therefore its judgment is affirmed.
 
 
 
 *
 This successive appeal has been submitted to the original panel under Operating Procedure 6(b). After examination of the briefs and the record, we have concluded that oral argument is unnecessary; accordingly, the appeal is submitted on the briefs and the record. See Fed.R.App.P. 34(a); Cir.R. 34(f)