**UNPUBLISHED ORDER**
Not to be cited per Circuit Rule 53

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted June 21, 2006
Decided September 27, 2006

**Before**

Hon. RICHARD D. CUDAHY, *Circuit Judge*

Hon. DANIEL A. MANION, *Circuit Judge*

Hon. DIANE P. WOOD, *Circuit Judge*

No. 05-4584

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee,* | Appeal from the United States District Court for the Western District of Wisconsin |
| *v.* | |
| | No. 04 CR 111 |
| KEITH A. STEVENS, *Defendant-Appellant.* | Barbara B. Crabb, Chief Judge |

**ORDER**

Attorneys Johanna M. Christiansen and Richard H. Parsons filed a Motion to Withdraw as defendant Keith A. Stevens's appointed counsel on June 16, 2006. In accordance with *Anders v. California*, 386 U.S. 738 (1967), attorneys Christiansen and Parsons submitted a brief in support of their motion. Mr. Stevens filed a Response pursuant to 7th Circuit Rule 51(b). As discussed below more fully, the *Anders* brief is adequate and the 51(b) Response lacks merit. Therefore, we grant the Motion to Withdraw.

**BACKGROUND**

Keith Stevens pleaded guilty of conspiracy to distribute cocaine. On December 16, 2004, he was sentenced to 151 months by Judge Crabb. On August 31, 2005, this Court reversed and remanded in light of *Booker*. *United States v.*

*Booker*, 543 U.S. 220 (2005). Judge Crabb resentenced him to 145 months on December 1, 2005. On December 31, 2005, he filed a potential successive appeal. On January 31, 2005, Mr. Stevens's previous attorney filed a motion to withdraw and that motion was granted on February 17, 2006. A new attorney, Richard H. Parsons was appointed on February 17, 2006. Attorney Johanna Christiansen was added on March 9, 2006. Stevens filed a *pro se* motion seeking a new attorney on May 30, 2006. That motion was denied on June 9, 2006. Attorneys Christiansen and Parsons filed a motion to withdraw and an *Anders* brief on June 16, 2006. Stevens filed a pro se 51(b) Response on July 17, 2006.

## DISCUSSION

The *Anders* brief submitted by Attorneys Christiansen and Parsons argues that there are no non-frivolous grounds for appeal. We agree. Pursuant to the Sentencing Reform Act of 1984, 18 U.S.C. § 3742, a defendant may appeal a sentence if it was (1) imposed in violation of law, (2) imposed as a result of an incorrect application of the Sentencing Guidelines, or (3) a departure from the applicable Sentencing Guidelines' range and was unreasonable. Mr. Stevens's sentence was not imposed as a violation of law since it did not exceed the statutory maximum sentence of 20 years. Mr. Steven's sentence was correctly calculated under the Guidelines. Moreover, upon resentencing, the district court imposed a sentence six months below the applicable guideline range. This sentence was reasonable.

Mr. Stevens raises a jurisdictional issue in his 51(b) Response. Namely, he argues that the district court lacked jurisdiction because the indictment failed to show how the United States had territorial jurisdiction over Wisconsin. 51(b) Response at 2. Stevens waived this challenge to his conviction by failing to raise it in his earlier appeal to this Court. *See United States v. Husband*, 312 F.3d 247, 250-51 (7th Cir. 2002); *United States v. Parker*, 101 F.3d 527, 528 (7th Cir. 1996). Moreover, the argument is frivolous.

## CONCLUSION

For the foregoing reasons, the Motion to Withdraw is GRANTED and the appeal is DISMISSED.