**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted September 22, 2009
Decided September 28, 2009

Before

FRANK H. EASTERBROOK, *Chief Judge*

WILLIAM J. BAUER, *Circuit Judge*

JOHN DANIEL TINDER, *Circuit Judge*

No. 09-1585

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>*Plaintiff-Appellee*,<br><br>v.<br><br>JEROME G. HUGHES,<br>*Defendant-Appellant*. | Appeal from the United States<br>District Court for the Western<br>District of Wisconsin.<br><br>No. 07 CR 33<br><br>Barbara B. Crabb,<br>*Chief Judge*. |

## O R D E R

Defendant Jerome Hughes pleaded guilty to federal drug charges and received a life sentence. He appealed the sentence claiming that the district court miscalculated his offense level which, together with his established criminal history level, yielded a guidelines range of life. The government conceded that a mistake had been made and further acknowledged that the district court's attempt to remedy its error was inadequate. We agreed and remanded the case for resentencing. *United States v. Taylor, et al.*, Nos. 07-3636, et al. (7th Cir. December 9, 2008) (unpublished order).

On remand the district court corrected its error, determining the guideline range to be 360 months to life, and imposed a sentence of 480 months. Dissatisfied with the new sentence, Hughes filed a notice of appeal.

Court-appointed counsel has moved to withdraw because he is unable to discern any meritorious issues for appeal. See *Anders v. California*, 386 U.S. 738 (1967). Hughes responded to our invitation under Circuit Rule 51(b) to comment on his attorney's submission. We limit our review to those issues identified in counsel's brief and Hughes' response to it. See *United States v. Schuh*, 289 F.3d 968, 973-74 (7th Cir. 2002).

In his *Anders* brief, court-appointed counsel correctly discounts potential arguments other than those springing from the one mistake identified in Hughes' first appeal. Those issues are waived. Hughes "cannot use the accident of a remand to raise in a second appeal an issue that he could just as well have raised in the first appeal." *United States v. Parker*, 101 F.3d 527, 528 (7th Cir. 1996). That leaves only challenges arising out of the corrected sentence ordered by this court in Hughes' first appeal.

In the first appeal, we directed the district court to correct Hughes' guideline range, which it did, and to resentence Hughes based on the corrected range. As counsel notes, though 480 months is a very long time, there is nothing unreasonable about the district court's sentence. We agree. At resentencing the district judge heard from counsel and Hughes. She reviewed the transcripts of the original sentencing and considered all of the appropriate factors under 18 U.S.C. § 3553(a). Although the prosecutor again argued for a life sentence, the district judge concluded otherwise. She sentenced Hughes to a within guidelines sentence of 480 months, remarking that Hughes was a dangerous individual who had amassed a record unlike any she had ever seen.

Hughes' argument that the district court could "rely on the crack/powder cocaine disparity" to impose a lower sentence is a nonstarter. Counsel did not raise a claim under *Kimbrough v. United States*, 128 S.Ct. 558 (2007), in Hughes' first appeal, and this court did not mention *Kimbrough* in its ruling on that appeal. That the district judge mistakenly referenced *Kimbrough* at resentencing, concluding that the disparity in the sentences for crack and powder cocaine does not require a lower sentence in Hughes' case, is of no moment. Like counsel, we discern no nonfrivolous issues for review.

We therefore GRANT counsel's motion to withdraw and DISMISS this appeal.