NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

For the Seventh Circuit
Chicago, Illinois 60604

Submitted March 25, 2010[*]
Decided May 7, 2010

**Before**

FRANK H. EASTERBROOK, *Chief Judge*

KENNETH F. RIPPLE, *Circuit Judge*

TERENCE T. EVANS, *Circuit Judge*

Nos. 09-2404 & 09-2405

| | |
|---|---|
| UNITED STATES OF AMERICA, | Appeals from the United States District Court for the Northern |
| *Plaintiff-Appellee,* | District of Illinois, Eastern Division. |
| v. | No. 1:04-cr-00522 |
| JAIME ANDRADE and MARIBEL MIRAMONTES, | **David H. Coar**, *Judge.* |
| *Defendants-Appellants.* | |

**O R D E R**

In this successive appeal, Jaime Andrade and Maribel Miramontes contend that the district court erred by denying their motion to dismiss the indictment. We conclude that the

---

[*] This successive appeal has been submitted to the original panel under Operating Procedure 6(b). After examining the briefs and the record, we have concluded that oral argument is unnecessary. *See* Fed. R. App. P. 34(a); Cir. R. 34(f).

motion was outside the scope of our remand order, and that the defendants waived their rights to challenge the indictment.  We therefore affirm the district court's order denying their motion.

Mr. Andrade and Ms. Miramontes were convicted of drug violations, pursuant to 21 U.S.C. §§ 841(a)(1) and 846, and they appealed their sentences on various grounds.  *See United States v. Andrade*, 295 Fed. Appx. 64 (7th Cir. 2008).  We denied Ms. Miramontes's contention that the district court erred by finding that her crime involved crack cocaine.  *Id.* at 67-68.  However, we vacated Mr. Andrade's and Ms. Miramontes's sentences and remanded for resentencing in light of *Kimbrough v. United States*, 552 U.S. 85 (2007).  *See Andrade*, 295 Fed. Appx. at 68-69.  Our remand order contained specific and circumscribed instructions.  With respect to Ms. Miramontes, we explained:

> Because Ms. Miramontes originally was sentenced after the amended guidelines for cocaine became effective, the district court should employ those guidelines in calculating Ms. Miramontes' sentence on remand.  After the sentence is calculated using the amended guidelines, the district court may then consider whether any further reduction, in light of *Kimbrough*, is warranted.

*Id.* at 68.  With respect to Mr. Andrade, we noted that he had been sentenced prior to the adoption of the guideline amendments for crack cocaine.  Accordingly, we explained:

> Similar to the procedure set forth in [*United States v. Taylor*, 520 F.3d 746 (7th Cir. 2008)], the district court must decide whether, in response to a motion by the defendant or on the court's own motion, relief under the new guidelines is appropriate. Regardless of the district court's action with respect to the motion--whether it determines that no relief under the Guidelines should be granted or it decides to impose a new sentence under the amended guideline--the defendant's sentence still must be evaluated in light of *Kimbrough*.

*Id*. at 69.  We vacated the judgments of the district court and remanded for resentencing according to the procedures set forth in our order.  *Id.*

On remand, Mr. Andrade and Ms. Miramontes filed a motion to dismiss the indictment, on the ground that the mandatory minimum sentencing regime of 21 U.S.C. § 841(b) violated their constitutional rights.  They contended primarily that the 100:1 ratio of crack-cocaine to powder cocaine mandatory minimum penalties (1) is arbitrary and without rational basis, thus violative of the Due Process Clause of the Fifth Amendment to the United States Constitution, and (2) produces a disparate impact on African-American and Hispanic defendants, thus violative of the Equal Protection Clause of the Fourteenth Amendment.  The Government

opposed the motion on the ground that its subject matter was beyond the scope of our limited remand. The Government also contended that, pursuant to Federal Rule of Criminal Procedure 12, the defendants had waived their rights to bring such a motion by failing to raise it before trial. Finally, and in any event, the Government contended that the motion had no merit and cited our previous consideration and rejection of the constitutional arguments in *United States v. Lawrence*, 951 F.2d 751, 755 (7th Cir. 1991), and *United States v. Chandler*, 996 F.2d 917, 918 (7th Cir. 1993). During the resentencing hearing, the district court denied the motion without comment, *see* Tr. at 2, Apr. 28, 2009, and issued a minute entry confirming the denial, *see* R.172. The district court resentenced the defendants according to our remand instructions.

Mr. Andrade and Ms. Miramontes now appeal the denial of their motion to dismiss. They repeat the arguments they made to the district court about the constitutionality of 21 U.S.C. § 841(b). They also contend that since our remand order vacated their sentences, they were free to raise new and old sentencing arguments during the remand proceedings. They do not respond to the Government's contention that they waived their rights to contest the constitutionality of § 841(b) by failing to raise that issue prior to trial. We conclude that the district court properly denied the motion.

Pursuant to 28 U.S.C. § 2106, we may limit the scope of our remand orders. If we identify "a discrete, particular error that can be corrected on remand without the need for a redetermination of other issues, the district court is limited to correcting that error." *United States v. Parker*, 101 F.3d 527, 528 (7th Cir. 1996). This is commonly referred to as the mandate rule. *See United States v. Polland*, 56 F.3d 776, 777 (7th Cir. 1995) ("The mandate rule requires a lower court to adhere to the commands of a higher court on remand."). Although there is no formula for determining a remand order's scope, the language of the remand order controls. *See United State v. White*, 406 F.3d 827, 831 (7th Cir. 2005). Here, the district court properly interpreted our remand order as directing consideration only of the *Kimbrough* issue and related sentencing matters. We believe the district court denied the motion to dismiss as outside the scope of our limited remand order. The denial was proper.

The motion to dismiss was also improperly raised on remand because the challenge to the indictment was not raised during the initial district court proceedings. *Cf. United States v. Triplett*, No. 92-1701, 1992 WL 386851, at *6 (7th Cir. Dec. 29, 1992) (noting that a defendant waived his right to challenge the constitutionality of § 841(b) by not raising it before he filed his appeal, although addressing the new arguments because the Government waived the defendant's waiver). Furthermore, even if the traditional waiver bar had not applied in this case, the failure of Mr. Andrade and Ms. Miramontes to raise their constitutional challenges in their initial *appeal* waived their right to raise those issues during the remand proceedings. *See Parker*, 101 F.3d at 528 ("A party cannot use the accident of a remand to raise in a second appeal an issue that he could just as well have raised in the first appeal because the remand

did not affect it."). While we have been careful not to issue overly restrictive remand orders, *see White*, 406 F.3d at 831-32, we have consistently held that new arguments, outside the scope of the plain language of a limited remand order, shall be treated as waived, *see United States v. Schroeder*, 536 F.3d 746, 751-52 (7th Cir. 2008).

Accordingly, we **AFFIRM** the district court's denial of the motion to dismiss.

**AFFIRMED**