**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted November 23, 2010
Decided November 24, 2010

**Before**

MICHAEL S. KANNE, *Circuit Judge*

TERENCE T. EVANS, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

No. 09-3811

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee,* | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division. |
| *v.* | No. 02 CR 1138 - 4 |
| ANTONIO OWENS, *Defendant-Appellant*. | Ronald A. Guzmán, *Judge*. |

**O R D E R**

Antonio Owens wrote a demand note and then waited in the getaway car as his accomplice robbed a bank. The accomplice was later caught and fingered Owens. A jury found Owens guilty of bank robbery, *see* 18 U.S.C. § 2113(a), and the district court sentenced him within the guidelines range to 145 months' imprisonment. We reversed the conviction and remanded for a new trial because the district court had admitted evidence that Owens previously robbed the same bank. *United States v. Owens*, 424 F.3d 649, 657 (7th Cir. 2005). Owens was again found guilty at trial, but this time the court sentenced him to 162 months' imprisonment. On appeal we upheld the conviction but vacated the prison sentence because the unexplained 17-month increase raised a presumption of vindictiveness. *United States v. Owens*, 298 F. App'x 505, 508 (7th Cir. 2008). On remand the district court reimposed the original 145-month term.

Owens filed a notice of appeal, but his appointed lawyer has concluded that the appeal is frivolous and moves to withdraw. *See Anders v. California*, 386 U.S. 738, 744 (1967). Owens has not responded to counsel's motion. *See* CIR. R. 51(b). We confine our review to the potential issue discussed in counsel's facially adequate brief. *See United States v. Schuh*, 289 F.3d 968, 973-74 (7th Cir. 2002).

This third appeal would be limited to sentencing issues arising from the last remand. *See United States v. Swanson*, 483 F.3d 509, 515 (7th Cir. 2007); *United States v. Parker*, 101 F.3d 527, 528 (7th Cir. 1996). And the only conceivable sentencing issue identified by counsel is whether Owens could challenge the reasonableness of the prison term. The term is within the guidelines range, and thus we would presume it to be reasonable. *See Rita v. United States*, 551 U.S. 338, 347 (2007); *United States v. Mykytiuk*, 415 F.3d 606, 608 (7th Cir. 2005). Counsel observes that the district court considered Owens's arguments in mitigation, including the need to care for his sick mother and his participation in drug treatment while in prison. But given the nature of Owens's crime, the court still concluded that 145 months was an appropriate sentence. Counsel has not proposed any reason to upset the presumption of reasonableness, and so we agree with counsel that a reasonableness challenge would be frivolous.

Accordingly, we GRANT counsel's motion to withdraw and DISMISS the appeal.