**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted November 22, 2011[*]
Decided November 22, 2011

**Before**

RICHARD A. POSNER, *Circuit Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

Nos. 10-2679 & 10-3108

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee,* | Appeals from the United States District Court for the Southern District of Illinois. |
| *v.* | No. 3:07-CR-30089-001-MJR |
| KYLE KIMOTO, *Defendant-Appellant.* | Michael J. Reagan, *Judge.* |

**O R D E R**

Kyle Kimoto engaged in a fraudulent telemarketing scheme through his wholly owned company, Assail, Inc., by deceiving consumers with poor credit into believing that they would receive a preapproved Visa or MasterCard credit card if they paid a one-time processing fee of $159. But instead of a credit card, Kimoto's marks received an offer to apply for a stored-value debit card. Some of them completed the application and paid Assail an additional fee to obtain the debit card, and others did not. A grand jury charged

---

[*] After examining the briefs and records, we have concluded that oral argument is unnecessary. Thus these appeals are submitted on the briefs and records. *See* FED. R. APP. P. 34(a)(2)(C).

Kimoto with conspiracy to commit mail and wire fraud plus 13 substantive counts. *See* 18 U.S.C. §§ 371, 1341, 1343. A jury found him guilty on all counts. The district court sentenced Kimoto to 25 months in prison on each count, to be served consecutively, for a total of 350 months.

We affirmed Kimoto's convictions on direct appeal, rejecting his arguments that the evidence was insufficient to convict him and that the government failed to turn over exculpatory evidence. But we ordered a "very limited remand" for the district court to reconsider a single issue: whether the number of victims exceeds 250, as is necessary to sustain the 6-level upward adjustment imposed by the court under U.S.S.G. § 2B1.1(b)(2)(C). *United States v. Kimoto*, 588 F.3d 464 (7th Cir. 2009). The district court had assumed that anyone who gave money to Assail in response to Kimoto's solicitations—over 500,000 people—counts as a victim, whether or not they understood that Kimoto actually was pedaling debit cards for their cash. *Id.* at 494, 496. We concluded that under § 2B1.1(b)(2)(C) the list of victims includes only those who incurred part of the actual, rather than intended, loss, and thus persons who were solicited for a "credit card" but parted with their money knowing that Kimoto really was marketing debit cards cannot be counted as victims. *Id*. at 496**.** Accordingly, we remanded for a "more definite calculation" of the number of victims for purposes of § 2B1.1(b)(2)(C). *Id.* at 497.

At the hearing on remand, Kimoto sought to raise issues beyond the scope of our mandate, but the district court properly declined to consider those issues. After reviewing the evidence, including more than 400 complaints to the Federal Trade Commission from consumers who had paid money to Kimoto, the court determined that well over 250 persons suffered an actual loss. In fact, the court noted, a coconspirator had testified at trial that Kimoto himself estimated during the ongoing fraud that only ten percent of the half-million consumers who shelled out $159 understood they were getting, at most, a debit card. On that basis, the court let stand the 6-level increase and corresponding 350 months' imprisonment.

Kimoto has appealed again, and we have allowed him to proceed pro se. As we interpret his brief, Kimoto argues that his convictions should be reversed on the grounds that prosecutions for consumer fraud are solely the province of state government and that the mail- and wire-fraud statutes are unconstitutionally vague. He also argues, relying on *Apprendi v. New Jersey*, 530 U.S. 466 (2000), that the district court lacked authority to increase his offense level based on the amount of loss or number of victims, *see* U.S.S.G. § 2B1.1(b)(1), (2), since these factors were not alleged in the indictment or decided by the jury beyond a reasonable doubt.

None of these contentions is even arguable. *See United States v. Joshua*, 648 F.3d 547, 552–53 (7th Cir. 2011); *United States v. Owens*, 441 F.3d 486, 490 (7th Cir. 2006); *United States*

*v. Hausmann*, 345 F.3d 952, 958–59 (7th Cir. 2003); *United States v. Crosgrove*, 637 F.3d 646, 666 (6th Cir. 2011). More importantly, all of the matters discussed in Kimoto's brief could have been raised in his first appeal and thus are beyond the scope of this appeal. *See United States v. Swanson*, 483 F.3d 509, 514–15 (7th Cir. 2007); *United States v. Husband*, 312 F.3d 247, 250–51 (7th Cir. 2002); *United States v. Parker*, 101 F.3d 527, 528 (7th Cir. 1996). We emphasized that our remand was "confined to the calculation of the number of victims for purposes of § 2B1.1(b)(2)(C)" and that "no other aspects of Mr. Kimoto's sentencing should be revisited." *Kimoto*, 588 F.3d at 497. The present appeal is limited, then, to arguments arising from the district court's further analysis of the number of victims. *See, e.g.*, *Parker*, 101 F.3d at 528. As the government notes, Kimoto does not challenge the court's finding that the total easily exceeds 250. And even if he had, this factual determination is not clearly erroneous, *see United States v. Locke*, 643 F.3d 235, 243–44 (7th Cir. 2011), given the evidence before the district court. Accordingly, the one issue left unanswered in our previous decision has now been resolved, and we thus uphold the sentence imposed by the district court.

One housekeeping matter remains. Kimoto filed a second notice of appeal by mistake. After the district court had ruled on the number of victims and Kimoto had filed a notice of appeal from that decision, he filed a motion in the district court asking that his lawyer be discharged and he be permitted to represent himself on appeal. That motion should have been directed to this court in the first instance, so the district court denied it, prompting Kimoto to file his second notice of appeal. Kimoto then redirected to us his motion to proceed pro se, which we granted. His second appeal was an unnecessary step, and is dismissed.

The judgment in appeal no. 10-2679 is AFFIRMED. Appeal no. 10-3108 is DISMISSED.