NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted July 15, 2013
Decided August 20, 2013

**Before**

FRANK H. EASTERBROOK, *Chief Judge*

WILLIAM J. BAUER, *Circuit Judge*

ANN CLAIRE WILLIAMS, *Circuit Judge*

No. 12-3707

| | |
|---|---|
| UNITED STATES OF AMERICA, | Appeal from the United States |
| *Plaintiff-Appellee,* | District Court for the Southern |
| | District of Illinois. |
| v. | |
| | No. 09 CR 40070 |
| TERRENCE R. VANCE, | |
| *Defendant-Appellant.* | J. Phil Gilbert, |
| | *Judge.* |

**O R D E R**

This is Terrence R. Vance's second time before us challenging the sentence he received for dealing drugs. In March 2010, Vance pleaded guilty to possession with intent to distribute crack cocaine (Count One) and possession with intent to distribute five or more grams of crack cocaine (Count Two). *See* 21 U.S.C. § 841(a)(1). The district court gave him the business, sentencing Vance to concurrent 262-month terms of imprisonment, an 8-year

term of supervised release on Count One, and a concurrent 6-year term of supervised release on Count Two. Vance appealed, arguing, among other things, that the Fair Sentencing Act of 2010 (FSA), 124 Stat. 2372, which reduced the sentencing disparity between powder cocaine and crack cocaine offenses, applied to him. *United States v. Vance*, 659 F.3d 613 (7th Cir. 2011). Based on our then-precedent that the FSA did not apply to defendants who committed offenses prior to August 3, 2010, but who were sentenced after that date, we affirmed. *Id.; see United States v. Fisher*, 635 F.3d 336, 340 (7th Cir. 2011).

The Supreme Court overruled our precedent in *Dorsey v. United States*, ___ U.S. ___, 132 S. Ct. 2321 (2012). Vance petitioned the Supreme Court for a writ of certiorari, which the Court granted. *Vance v. United States*, 133 S. Ct. 65 (2012). In doing so, the Court vacated the judgment and remanded the case to us for further consideration in light of *Dorsey*. *Id.* On August 27, 2012, we vacated Vance's sentence and remanded the case to the district court on the narrow issue of resentencing under the FSA.

The district court resentenced Vance in November 2012. This time, the district court imposed a sentence of concurrent 200-month terms of imprisonment and concurrent 6-year terms of supervised release on each count. Vance filed a timely notice of appeal, but his appointed attorney contends the appeal is frivolous and seeks to withdraw pursuant to *Anders v. California*, 386 U.S. 738, 744 (1967). Vance opposes counsel's motion. *See* Cir. R. 51(b). We confine our review to the issues identified in counsel's facially-adequate brief and Vance's response. *See United States v. Schuh*, 289 F.3d 968, 973-74 (7th Cir. 2002). We also note that this is a subsequent appeal after a remand, so this appeal is limited in scope: arguments that were made or could have been made in the previous appeal cannot be raised now. *United States v. Barnes*, 660 F.3d 1000, 1006 (7th Cir. 2011); *United States v. Sumner*, 325 F.3d 884, 891-92 (7th Cir. 2003). Accordingly, this appeal is confined to the district court's application of the FSA to the facts of this case and whether the sentence imposed is procedurally unsound or substantively unreasonable.

Counsel addresses each of these issues. As to the calculation of the Guidelines range in accordance with the FSA, counsel explains the new Guidelines range and concludes any challenge would be frivolous. Originally, the base offense level for Vance was 37 because he was a career offender, *see* U.S.S.G. § 4B1.1, and the maximum penalty of the offenses was life imprisonment. Pursuant to the FSA, the maximum penalty for both counts is now 30 years' imprisonment; thus, Vance's base offense level is 34. Vance was given a three-level reduction for acceptance of responsibility, *see* U.S.S.G. § 3E1.1, so his total offense level is 31. The Guidelines range for a person with a total offense level of 31 with a criminal history

category of VI, as Vance has, is 188 to 235 months' imprisonment. The district court accepted this Guidelines range calculation, and neither counsel nor Vance identifies any problems with the Guidelines range correction on remand. We similarly find no error in the calculation.

Counsel has likewise not identified any procedural errors in the district court's assessment of an appropriate sentence. *See Gall v. United States*, 552 U.S. 38, 51 (2007). He does not direct us to anything indicating that the district court treated the Guidelines as mandatory, failed to consider the 18 U.S.C. § 3553(a) factors, selected a sentence based on clearly erroneous facts, or failed to adequately explain the chosen sentence. Furthermore, counsel has not identified any reason for us to disregard the presumption of reasonableness applicable to Vance's sentence, which is toward the low end of the properly calculated Guidelines range. *See United States v. Rivera*, 463 F.3d 598, 602 (7th Cir. 2006) ("A sentence … that falls within a properly calculated Guidelines range is entitled to a rebuttable presumption of reasonableness."). The district court's analysis adequately explained the reasons behind the chosen sentence, including Vance's "horrendous past," the need to protect the public from additional crimes, the issue of adequate deterrence, and the nature and circumstance of Vance's offenses. Vance does not address in his brief the issue of procedural or substantive unreasonableness, and in light of the district court's analysis, we agree with counsel that any challenge to Vance's sentence on these grounds would be frivolous as well.

We briefly highlight the fact that counsel and Vance each discuss the merits of whether Vance is a "career offender" pursuant to U.S.S.G. § 4B1.1. But the time to challenge that designation was during Vance's first appeal. The scope of our remand was limited to determining Vance's Guidelines range in accordance with the FSA, and the FSA has nothing to do with Vance's designation as a career offender under § 4B1.1. Vance is, therefore, prohibited from challenging it on appeal now. *See United States v. Parker*, 101 F.3d 527, 528 (7th Cir. 1996) ("A party cannot use the accident of a remand to raise in a second appeal an issue that he could just as well have raised in the first appeal because the remand did not affect it."). If Vance is convinced his counsel's performance in failing to effectively challenge his career offender designation was subpar, Vance may file a motion for post-conviction relief pursuant to 28 U.S.C. § 2255.

We GRANT counsel's motion to withdraw and DISMISS the appeal.