> **NONPRECEDENTIAL DISPOSITION**
> To be cited only in accordance with
> Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted June 24, 2014
Decided July 15, 2014

**Before**

RICHARD D. CUDAHY, *Circuit Judge*

DANIEL A. MANION, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

No. 13-3515

| | |
|---|---|
| UNITED STATES OF AMERICA<br>    *Plaintiff-Appellee,*<br><br>    *v.*<br><br>HAROLD PERKINS,<br>    *Defendant-Appellant.* | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division.<br><br>No. 1:08 CR 223 1<br><br>Virginia M. Kendall,<br>*Judge.* |

### O R D E R

Harold Perkins led a drug trafficking operation responsible for distributing crack cocaine, powder cocaine and marijuana in the Chicago area. As part of the operation, Perkins provided several individuals with narcotics and directed the distribution of the drugs. Law enforcement conducted a series of controlled purchases of crack and powder cocaine from Perkins and his distributors from February 2006 to September 2006. Perkins stipulated that he was responsible for the distribution of 487.5 grams of crack cocaine and 1,263 grams of powder cocaine. Perkins also possessed three firearms for protection and to facilitate his trafficking operation.

Perkins was indicted on several counts related to this criminal enterprise, and eventually entered into a written plea agreement pursuant to which he pleaded guilty to one count of intentionally distributing 50 grams or more of crack cocaine, in violation of 21 U.S.C. § 841(a)(1) and one count of possessing a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c). As part of the plea agreement the United States agreed to dismiss the original indictment and to not seek an increased sentence for Perkins' prior conviction for a felony drug trafficking offense pursuant to 21 U.S.C. § 851. Also as part of the plea agreement Perkins waived his appellate rights; however, the waiver did not extend to seeking a sentence reduction based upon an applicable change in the law made retroactive by the Supreme Court.

At the original sentencing hearing, the district court found Perkins' base offense level was 34, adding together an upwards adjustment for his leadership role and a downward adjustment for his acceptance of responsibility, as well as an additional increase pursuant to U.S.S.G. § 4B1.1(b)(1) because Perkins was a career criminal and the statutory maximum term was life. An offense level of 34 carries a suggested sentence of 262-347 months under the advisory guidelines, and the district court imposed a sentence of 212 months, to be served consecutively with the mandatory five years on the §924(c) count. In imposing the below guidelines sentence, the district court specifically found that Perkins was a career offender, but departed from the guidelines because of Perkins' age.

Perkins appealed his original sentence, challenging only whether the Fair Sentencing Act of 2010 should have applied to his case. We vacated Perkins' sentence and remanded for resentencing in light of the Supreme Court's decision in *Dorsey v. United States*, 132 S. Ct. 2321 (2012). Prior to resentencing the United States Probation Office prepared a Supplemental Report to the PSR. It concluded that the offense levels for drug quantity and leadership remained the same. However, the career offender offense level changed because Perkins' statutory maximum term became 40 years rather than life; thus Perkins' offense level dropped from 37 to 34 (34 to 31 when considering acceptance of responsibility), because Perkins' statutory maximum became 40 years rather than life.

Perkins again appeals his sentence. His lawyer believes that this appeal is frivolous and seeks to withdraw. *See Anders v. California*, 386 U.S. 738, 744 (1967).

Perkins did not respond to our invitation to comment on counsel's motion. *See* CIR. R. 51(b). We limit our review to the potential issues discussed in counsel's facially adequate submission. *See United States v. Schuh*, 289 F.3d 968, 973–74 (7th Cir. 2002).

Counsel first considers whether Perkins could challenge his conviction, concluding that he cannot because he did not move to withdraw his guilty plea in the district court nor did he challenge his guilty plea in his original appeal. We agree with counsel's conclusion. Any existing issue not raised on direct appeal is waived on remand. *United States v. Parker*, 101 F.3d 527, 528 (7th Cir. 1996).

Counsel also considers whether the waiver contained in the plea agreement is relevant to this appeal, and therefore deprives Perkins of any non-frivolous argument on which to base his appeal. First we note that the by agreeing to the waiver, Perkins must forgo any challenge to the validity of the plea agreement, which includes the waiver itself. Thus, Perkins cannot challenge the voluntariness or any other aspect of his plea. Additionally, the 212 month sentence given to him was within the statutory maximum and was not impermissibly imposed on the basis of any constitutionally factor. Nor, does Perkins allege that his sentence has been affected by any change in law made retroactive by the Supreme Court. Therefore, the waiver is operative and Perkins is deprived of any non-frivolous argument to support his appeal.

Counsel finally considers Perkins potential arguments even if the waiver did not prevent his appeal. Initially we note that the sentence was not in violation of law; it was well beneath the statutory maximum, and the special assessment was required pursuant to 18 U.S.C. § 3013(a)(2)(A). Similarly any argument regarding the unreasonableness of the sentence would be frivolous. Perkins would have to show that when measured against the § 3553(a) factors, the sentence was clearly unreasonable. *United States v. Johnson*, 534 F.3d 690, 696 (7th Cir. 2008). However, sentencing judges are afforded a great deal of discretion in imposing sentences, and the district court here had the opportunity to hear and respond to each of Perkins' arguments related to the § 3553(a) factors. *See United States v. Ramirez-Martinez*, 683 F.3d 771, 777 (7th Cir. 2012). We see no reason to disturb the district court's discretion here.

Perkins would have an equally difficult time arguing that the district court committed any procedural error in arriving at the 212 month sentence. First, the district

court adequately calculated the sentence. Perkins' offense level, taking into account all relevant considerations including acceptance of responsibility, could be no lower than 31, and every career offender's criminal history category is VI. Based on those calculations, Perkins faced a sentencing range of no lower than 188-235 months. Nothing suggests the district court committed plain error in calculating Perkins' sentence. Second, the district court did not treat the guidelines as mandatory, as evidenced by the sentence on Count 1 which was 36 months below the low end of the 188-235 month guideline range. Third, the district court adequately considered the § 3553(a) factors as is required. *United States v. Harris*, 718 F.3d 698, 705 (7th Cir. 2013). The district court thoroughly discussed why it felt the career offender sentence was necessary, including the seriousness of the offense, Perkins' history and characteristics, the need for retribution, and the impact of Perkins' age. Any argument that the district court inadequately considered the §3553(a) factors would be frivolous.

Finally, the district court adequately explained Perkins' sentence. *See United States v. Carter*, 538 F.3d 784, 789 (7th Cir. 2008)(requiring explanation that allows meaningful appellate review). Perkins' main argument on appeal is that his sentence after resentencing should have been reduced by the same number of months as at his original sentencing, rather than being reduced by the same percentage. The district court disagreed, and explained that reduction by percentage was more consistent with the original sentencing. Furthermore, the court did adequately explain the basis for Perkins' sentence, which is especially evident in the court's discussion of the §3553(a) factors.

For these reasons, counsel correctly concludes that Perkins' appellate challenge to his conviction, plea, or sentence would be frivolous. Accordingly, we **GRANT** counsel's motion to withdraw, and **DISMISS** the appeal.