NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted January 13, 2016
Decided February 3, 2016

**Before**

MICHAEL S. KANNE, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

J. PHIL GILBERT, *District Judge*[*]

| | |
|---|---|
| No. 15-2474 | Appeal from the<br>United States District Court |
| UNITED STATES OF AMERICA,<br>    *Plaintiff-Appellee*, | for the Southern District of Indiana,<br>Indianapolis Division. |
| *v.* | No. 1:11CR00042-1 |
| TIMOTHY S. DURHAM,<br>    *Defendant-Appellant*. | Jane E. Magnus-Stinson,<br>*Judge*. |

## O R D E R

Timothy Durham, James Cochran, and Rick Snow operated a massive Ponzi scheme resulting in losses of more than $200 million to thousands of victims. The three men were convicted on multiple counts of conspiracy, securities fraud, and wire fraud, and received lengthy sentences. In a previous appeal, we affirmed their convictions and sentences in all respects except one: we vacated two of Durham's ten counts of conviction and remanded for resentencing "without those counts in the mix." *United States v. Durham* ("*Durham I*"), 766 F.3d 672, 676 (7th Cir. 2014).

---

[*] Of the Southern District of Illinois, sitting by designation.

On remand Durham attempted to reopen the district court's previous loss-amount calculation, *see* U.S.S.G. §2B1.1, which had been challenged and explicitly affirmed in the earlier appeal, *Durham I*, 766 F.3d at 686–88. The judge declined to revisit the matter because the loss amount was conclusively fixed in *Durham I* and was now law of the case. The judge found that Durham's final offense level of 47—above the top level of 43 under the Sentencing Guidelines—remained the same without the two vacated counts "in the mix." Indeed, the probation office prepared a new presentence report, but the guidelines calculations were unchanged. After reweighing the sentencing factors under 18 U.S.C. § 3553, the judge reimposed the same sentence: 50 years in prison.

Durham again appeals, arguing primarily that he was entitled to reopen the loss-amount calculation at resentencing. That's incorrect. "If this [c]ourt remands to correct a 'discrete, particular error that can be corrected … without … a redetermination of other issues, the district court is limited to correcting that error.'" *United States v. Barnes*, 660 F.3d 1000, 1006 (7th Cir. 2011) (quoting *United States v. Parker*, 101 F.3d 527, 528 (7th Cir. 1996)). And the law-of-the-case doctrine generally prohibits the district court "from reconsidering on remand an issue expressly or impliedly decided by a higher court." *United States v. Adams*, 746 F.3d 734, 744 (7th Cir. 2014) (quotation marks omitted).

We considered and rejected Durham's challenge to the district court's loss-amount calculation in the earlier appeal. *Durham I*, 766 F.3d at 686–88. That determination is conclusive; the mandate rule and the law-of-the-case doctrine combine to prohibit Durham's effort to reopen it.

Durham also argues that he is entitled to yet another resentencing based on a recent clarification of the loss-amount guideline regarding the manner of calculating intended loss. We previously affirmed the district court's loss-amount calculation based on an *actual loss* in excess of $200 million; that's independently sufficient regardless of the intended loss. *Id.* at 688.

Finally, Durham argues that because his sentence was based on judge-found facts, it violates his Fifth and Sixth Amendments rights to due process and trial by jury. This argument wasn't raised in *Durham I* and thus is waived. *Barnes*, 660 F.3d at 1006 ("[A]ny issue that could have been raised on [an earlier] appeal but was not is waived … .").

AFFIRMED.