**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted June 3, 2016[*]
Decided July 26, 2016

**Before**

MICHAEL S. KANNE, *Circuit Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

ROBERT M. DOW, JR., *District Judge*[**]

No. 15-3403

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, | Appeal from the United States District Court for the Central District of Illinois. |
| *v.* | No. 12-30019 |
| SYLVESTER PURHAM, *Defendant-Appellant*. | Sue E. Myerscough, *Judge*. |

## O R D E R

Sylvester Purham has filed a third direct appeal of his conviction and sentence for his participation in a crack-cocaine conspiracy. Purham's appointed counsel believes that this successive appeal is frivolous and filed a motion to withdraw under *Anders v. California*, 386 U.S. 738 (1967). We grant counsel's *Anders* motion and dismiss this appeal.

---

[*] After examining the briefs and record, we have concluded that oral argument is unnecessary. Thus the appeal is submitted on the briefs and record. *See* FED. R. APP. P. 34(a)(2)(C).

[**] Of the Northern District of Illinois, sitting by designation.

The background of this case is explained more fully in our opinion in Purham's second appeal, *see United States v. Purham (Purham II)*, 795 F.3d 761 (7th Cir. 2015), but we offer a brief summary. Purham pled guilty, without a plea agreement, to the charge of conspiracy to distribute 280 grams or more of crack cocaine in violation of 21 U.S.C. §§ 841, 846. Purham later tried to withdraw his guilty plea, but the district court, after a hearing, denied the request. The court sentenced Purham to 360 months' imprisonment and 10 years of supervised release.

In his first appeal, Purham challenged the district court's relevant-conduct calculation and its imposition of a 4-level leadership enhancement. We reversed and remanded for resentencing, finding that the district court erred in including certain drug transactions as relevant conduct. *See United States v. Purham (Purham I)*, 754 F.3d 411 (7th Cir. 2014). On remand, the district court sentenced Purham to 324 months' imprisonment and 10 years of supervised release.

Purham again appealed. We rejected all of his challenges, except for his challenge to two conditions of supervised release. *Purham II*, 795 F.3d at 768. We ordered the following:

> We AFFIRM the district court's term of imprisonment. … We VACATE, however, the community-service and gang-association conditions of supervised release discussed above. The sentence is AFFIRMED in every other respect. The case is REMANDED to the district court for limited proceedings consistent with this opinion.

On remand, the district court entered an order stating that it was "inclined to strike both conditions of supervised release." The government agreed. The district court cancelled the resentencing hearing pursuant to Federal Rule of Criminal Procedure 32.1(c) because the relief sought was favorable to the defendant, did not extend the term of supervised release, and the government did not object. The court entered the judgment striking the two conditions. This appeal followed.

In her *Anders* brief, counsel first evaluates whether Purham could challenge the district court's striking of the two conditions of supervised release without a hearing. Counsel properly recognizes that such a challenge would be frivolous. Our order in *Purham II* only vacated the two conditions the district court ultimately struck. The district court granted Purham the maximum relief available in light of our limited remand order by striking the two conditions. *See United States v. Young*, 66 F.3d 830 (7th Cir. 1995) ("[T]he 'mandate rule' requires the district court to adhere to our commands on remand."). The district court's decision to strike the conditions without a hearing was also proper. No hearing is required where the modification of a supervised-release

condition is favorable to the defendant, does not extend the term of supervised release, and the government has not objected. Fed. R. Crim. P. 32.1(c)(2). All three circumstances were satisfied here.

Counsel's *Anders* brief next evaluates whether Purham could raise any other challenges in this appeal. She properly concludes that raising any other challenges would be frivolous because they are waived. *See United States v. Parker*, 101 F.3d 527, 528 (7th Cir. 1996) ("Only an issue arising out of the correction of the sentence ordered by this court could be raised in a subsequent appeal. Any issue not arising out of that correction could have been raised in the original appeal and was therefore waived by not being raised then.").

In response to counsel's *Anders* brief, Purham identifies three issues he wishes to raise: that the district court erred in imposing a sentence of 324 months; that the district court did not give him notice of a variance at resentencing; and that the district court erred in accepting Purham's guilty plea. The first two issues are squarely foreclosed by *Purham II* in which we affirmed the 324-month term of imprisonment. As for Purham's claim of error in the district court's acceptance of his guilty plea, the issue could have been raised in *Purham I* and is now waived.

Accordingly, counsel's *Anders* motion to withdraw is GRANTED, and this appeal is DISMISSED.