NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Argued May 24, 2017
Decided June 19, 2017

**Before**

RICHARD A. POSNER, *Circuit Judge*

DANIEL A. MANION, *Circuit Judge*

MICHAEL S. KANNE, *Circuit Judge*

No. 16-1675

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, | Appeal from the United States District Court for the Eastern District of Wisconsin. |
| *v.* | No. 14–CR–00028 |
| CALVIN SANDERS, *Defendant-Appellant*. | J.P. Stadtmueller, *Judge*. |

**O R D E R**

The wire-fraud statute imposes a maximum sentence of twenty years' imprisonment, or thirty years' imprisonment if the fraud "affects a financial institution." 18 U.S.C. § 1343. On March 25, 2014, a grand jury returned a superseding indictment charging Calvin Sanders with the twenty-year version of the offense. On June 25, 2014, Sanders pled guilty to this crime under a plea agreement. The district court sentenced him to fifty-two months' imprisonment and five years' supervised release. (Sanders also pled guilty to committing aggravated identity theft in violation of 18 U.S.C. § 1028A and received a sentence of twenty-four months' imprisonment to run consecutively to the fifty-two-month term; this conviction and sentence are irrelevant to this appeal.)

On appeal, the parties jointly moved to vacate the sentence and remand for a full resentencing under *United States v. Thompson*, 777 F.3d 368 (7th Cir. 2015) because the district court did not state its reasons for imposing certain supervised-release conditions. We granted that motion. *See United States v. Sanders*, No. 14-3741, Doc. 17 (7th Cir. June 3, 2015). And in accordance with *Thompson*, the district court altered the supervised-release conditions, but found no reason to reevaluate the terms of the original sentence. So the court imposed the same sentence as before.

This sentence was illegal. A crime imposing a maximum of twenty years' imprisonment is a Class C felony. *See* 18 U.S.C. § 3559(a)(3). Because Sanders's crime was a Class C felony, his maximum supervised-release term could not exceed three years. *See* 18 U.S.C. § 3583(b)(2). We agree with the parties that the court's imposition of a five-year term constituted plain error. *See United States v. Goodwin*, 717 F.3d 511, 518 (7th Cir. 2013) (describing the plain-error standard). We accordingly reverse.

The only remaining issue is the scope of remand: Sanders requests a full resentencing hearing, while the government seeks a remand limited to correcting the error. We think the government's approach is more appropriate here. In *United States v. Parker*, we held that, when determining the scope of remand, if we can identify "a discrete, particular error that can be corrected on remand without the need for a redetermination of other issues, the district court is limited to correcting that error." 101 F.3d 527, 528 (7th Cir. 1996). Here, the only task remaining is to modify the judgment to reflect a three-year supervised-release term—the maximum term for supervised release. The district judge has twice now imposed what he believed to be the maximum allowable supervised-release term.

For these reasons, Sanders's sentence is VACATED insofar as it calls for a *five*-year supervised-release term, and the case is REMANDED to the district court with instruction to modify the judgment to reflect a *three*-year supervised-release term.