NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted February 26, 2018
Decided March 22, 2018

**Before**

JOEL M. FLAUM, *Circuit Judge*

DANIEL A. MANION, *Circuit Judge*

MICHAEL S. KANNE, *Circuit Judge*

No. 17-3108

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, | Appeal from the United States District Court for the Northern District of Indiana, Fort Wayne Division. |
| *v.* | No. 1:11-CR-35 |
| BOOKER T. SEWELL, *Defendant-Appellant*. | Theresa L. Springmann, *Chief Judge*. |

**O R D E R**

Booker T. Sewell was convicted of being a felon in possession of a firearm (18 U.S.C. § 922(g)(1)) and of maintaining a place for the purpose of distributing and using a Schedule II controlled substance (21 U.S.C. § 856(a)(1)). The district court sentenced him to concurrent imprisonment terms of 360 and 240 months. He appealed his conviction and sentence. We affirmed the district court's rulings on the four issues raised by Sewell in that appeal but remanded the case to the district court for reconsideration of Sewell's conditions of supervised release given our then-recent decision in *United States v. Thompson*, 777 F.3d 368 (7th Cir. 2015). On remand, the district court imposed the same prison sentence: concurrent terms of 360 and 240

months. Sewell again appealed. But before Sewell's second appeal was heard by this court, we remanded the case for resentencing in light of *Johnson v. United States*, 135 S. Ct. 2551 (2015), pursuant to the parties' joint motion. On that second remand, the district court sentenced Sewell to consecutive imprisonment terms of 120 and 129 months.

Sewell then filed a notice of appeal, but his appointed counsel asserts that this appeal—his third—is frivolous and seeks to withdraw under *Anders v. California*, 386 U.S. 738 (1967). Sewell's counsel submitted an *Anders* brief that explains the nature of the case and addresses the issues that an appeal like this one might involve. *See United States v. Bey*, 748 F.3d 774, 776 (7th Cir. 2014). Sewell filed a response. Because the analysis in counsel's brief appears thorough, "we limit our review to the subjects that counsel has discussed, plus any additional issues that the defendant, disagreeing with counsel, believes have merit." *Id.* (citing *United States v. Wagner*, 103 F.3d 551, 553 (7th Cir. 1996)).

On the last remand, the district court was given one narrow task by agreement of the parties: to resentence Sewell in light of *Johnson*. So Sewell's arguments in his response brief about *Johnson* and his drug-quantity enhancement are meritless, as they have already been raised and dealt with in this case. *See Key v. Sullivan*, 925 F.2d 1056, 1060 (7th Cir. 1991) (explaining the law-of-the-case doctrine).

Only the issues newly arising from Sewell's most recent resentencing are within the scope of this appeal. *See United States v. Parker*, 101 F.3d 527, 528 (7th Cir. 1996) ("A party cannot use the accident of a remand to raise in a second appeal an issue that he could just as well have raised in the first appeal … ."). Accordingly, counsel explains that there are only three possible issues properly before this court in this appeal. We agree with counsel's analysis—and disposal—of the merits of each of these issues. Sewell's response does not convince us otherwise.

For these reasons, we grant counsel's motion to withdraw and dismiss the appeal.