NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted May 22, 2013
Decided May 30, 2013

**Before**

ILANA DIAMOND ROVNER, *Circuit Judge*

ANN CLAIRE WILLIAMS, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

No. 13-1063

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee,* | Appeal from the United States District Court for the Northern District of Illinois, Western Division. |
| *v.* | No. 10 CR 50016-1 |
| CHARLES DAVIS, *Defendant-Appellant.* | Frederick J. Kapala, *Judge.* |

## O R D E R

Charles Davis was pulled over in January 2010 while driving on I-90 toward Rockford, Illinois, after state troopers got a tip from the Drug Enforcement Administration that Davis likely had crack cocaine with him. During the stop, Davis tried to flee, was tackled by a trooper, and in the struggle repeatedly reached for the trooper's gun. Once Davis was subdued, the troopers found about 110 grams of crack cocaine on and around him. On August 17, 2010, he pleaded guilty to possessing with intent to distribute crack cocaine, 21 U.S.C. § 841(a)(1), and admitted relevant conduct involving an additional 120 grams of crack cocaine, *see* U.S.S.G. § 1B1.3. At sentencing in December 2010, because the government filed a notice of a previous felony drug conviction, 21 U.S.C. § 851(a), and under circuit precedent at the time the Fair Sentencing Act of 2010 did not apply to Davis, *United States v. Bell*, 624 F.3d 803, 814 (7th Cir. 2010), the district court concluded that the

statutory-minimum sentence was 20 years' imprisonment and 10 years' supervised release, 21 U.S.C. § 841(b)(1)(A) (2006 & Supp. III 2009). Using the new guidelines prompted by the Fair Sentencing Act, Pub. L. No. 111-220, § 8, 124 Stat. 2372, 2374, the court calculated a total offense level of 34 and a criminal-history category of VI, yielding a guidelines imprisonment range of 262 to 327 months. The court sentenced Davis to 290 months' imprisonment and 10 years' supervised release.

Davis appealed, arguing only that the district court should have sentenced him under the Fair Sentencing Act, which would have resulted in a statutory minimum of 10 years' imprisonment and 8 years' supervised release. 21 U.S.C. § 841(b)(1)(A) (2006 & Supp. IV 2010). After the Supreme Court concluded that the Fair Sentencing Act applies to all defendants sentenced after the Act went into effect, *Dorsey v. United States*, 132 S. Ct. 2321 (2012), we vacated the judgment and remanded for resentencing, *United States v. Davis*, No. 11-1202 (7th Cir. Aug. 20, 2012). On remand, the district court explained that Davis's sentence of imprisonment turned on the guidelines range (which had not changed) rather than the statutory minimum, but reduced his sentence to 280 months to account for his rehabilitation since the previous sentencing hearing. The court lowered Davis's term of supervised release to the 8-year statutory minimum specified in the Fair Sentencing Act. Davis filed a notice of appeal, but his appointed attorney asserts that the appeal is frivolous and seeks to withdraw. *See Anders v. California*, 386 U.S. 738 (1967). Davis opposes counsel's motion. *See* CIR. R. 51(b). We confine our review to the potential issues identified in counsel's facially adequate brief and Davis's response. *See United States v. Schuh*, 289 F.3d 968, 973–74 (7th Cir. 2002).

Counsel correctly omits discussion of the validity of Davis's guilty plea. This issue could have been but was not raised in Davis's previous appeal, so an argument on this ground was beyond the scope of our remand and would be frivolous to raise here. *See United States v. Peel*, 668 F.3d 506, 507 (7th Cir. 2012); *United States v. Swanson*, 483 F.3d 509, 514–15 (7th Cir. 2007); *United States v. Husband*, 312 F.3d 247, 250–51 (7th Cir. 2002); *United States v. Parker*, 101 F.3d 527, 528 (7th Cir. 1996); *United States v. Soto*, 48 F.3d 1415, 1419 n.10 (7th Cir. 1995). In any event, Davis has told counsel that he is satisfied with his guilty plea. *See United States v. Konczak*, 683 F.3d 348, 349 (7th Cir. 2012); *United States v. Knox*, 287 F.3d 667, 671 (7th Cir. 2002).

Counsel considers challenging the reasonableness of Davis's sentence but properly concludes that such an argument would be frivolous. Davis's within-guidelines sentence is presumed reasonable, *see Rita v. United States*, 551 U.S. 338, 347 (2007); *United States v. Pape*, 601 F.3d 743, 746 (7th Cir. 2010), and neither counsel nor we can identify any reason to upset that presumption. The district court meaningfully addressed the factors in 18 U.S.C.

§ 3553(a), including Davis's efforts at rehabilitation, his many offenses that garnered no criminal-history points, and the need for general deterrence.

In his Rule 51(b) response, Davis proposes arguing that his guidelines range was miscalculated. With respect to his offense level, he considers challenging a 2-level increase for committing perjury during his sentencing hearing, *see* U.S.S.G. § 3C1.1 & cmt. n.4(B), a 2-level increase for endangering the trooper during his flight, *see id.* § 3C1.2, and not receiving any credit for acceptance of responsibility, *see id.* § 3E1.1. With respect to his criminal-history category, he considers challenging the 2 criminal-history points he received for having been on parole at the time he committed the offense, *see id.* § 4A1.1(d), and the 3 criminal-history points he received for a conviction that was incurred within 15 years of his admitted relevant conduct but not within 15 years of the conduct directly underlying his guilty plea, *see id.* § 4A1.2(e)(1) & cmt. n.8. Yet, once again, as with his guilty plea, Davis could have raised these arguments in his first appeal. He did not, and thus the guidelines calculations were beyond the scope of our remand (indeed, neither the parties nor the court revisited the guidelines calculations on remand). For that reason, the claims Davis proposes to make would be frivolous. *See Peel*, 668 F.3d at 507; *Swanson*, 483 F.3d at 514–15; *Husband*, 312 F.3d at 250–51; *Parker*, 101 F.3d at 528; *Soto*, 48 F.3d at 1419 n.10.

Davis also considers challenging appellate counsel's failure to contest the guidelines calculations in the first appeal. But Davis would, in effect, be collaterally attacking his first direct appeal in his second direct appeal, which he may not do. Davis is limited to challenging the final judgment entered by the district court, and his lawyer's handling of the earlier appeal is unrelated to that judgment. Davis must raise an argument about appellate counsel's performance, if at all, in a proper collateral attack. *See* 28 U.S.C. § 2255.

The motion to withdraw is **GRANTED**, and the appeal is **DISMISSED**.