NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted February 6, 2014
Decided February 6, 2014

**Before**

DIANE P. WOOD, *Chief Judge*

MICHAEL S. KANNE, *Circuit Judge*

JOHN DANIEL TINDER, *Circuit Judge*

No. 12-3835

| | |
|---|---|
| UNITED STATES OF AMERICA, <br> *Plaintiff-Appellee,* | Appeal from the United States District <br> Court for the Southern District of Illinois. |
| *v.* | No. 4:09CR40037-001-JPG |
| RAYMOND M. MARTIN, <br> *Defendant-Appellant.* | J. Phil Gilbert, <br> *Judge.* |

**O R D E R**

Raymond Martin was convicted in 2010 on 15 counts including marijuana distribution, possession of a firearm during a drug trafficking crime, conspiracy to distribute marijuana, witness tampering, conspiracy to tamper with witnesses, and attempted structuring of financial transactions. All of these crimes were committed while he served as the elected sheriff of Gallatin County, Illinois. The district court calculated an imprisonment range of 97 to 121 months for all counts except Counts 4 and 5, both for possessing a firearm during a drug trafficking crime. On those counts, the court calculated a range of 60 months to life for Count 4, and a range of 300 months to life for Count 5. The court sentenced Martin to 120 months' imprisonment for Counts 7 to 14 and 60 months for Counts 1 to 3, 6, and 15, with all of those terms running

concurrently. On Counts 4 and 5, the firearm charges, the court imposed life sentences running consecutively to each other and the other counts.

Martin appealed his overall sentence, arguing in part that the district court plainly erred in calculating his guidelines range for Counts 4 and 5. We concluded that the court had misunderstood the guidelines sentences for Counts 4 and 5 when it determined that the ranges were 60 months to life and 300 months to life. *See United States v. Martin*, 692 F.3d 760, 766–67 (7th Cir. 2012). Possessing a firearm during a drug trafficking crime carries a 60-month statutory minimum for a defendant's first offense and a 300-month statutory minimum for a second offense. 18 U.S.C. § 924(c). And because the statute does not specify a maximum sentence, courts may impose any sentence from the statutory minimum up to life in prison. *United States v. Lucas*, 670 F.3d 784, 795–796 (7th Cir. 2012); *United States v. Sandoval*, 241 F.3d 549, 551 (7th Cir. 2001). But the guidelines sentence for § 924(c) offenses is the statutory minimum, which must run consecutively to any other term of imprisonment. U.S.S.G. § 2K2.4(b); 18 U.S.C. § 924(c)(1)(D)(ii). Consequently, the guidelines sentences for Counts 4 and 5 were 60 months and 300 months, 18 U.S.C. § 924(c)(1)(A)(i), (c)(1)(C)(i), and we remanded to the district court for resentencing using the proper guidelines recommendations. *Martin*, 692 F.3d at 767.

At resentencing in 2012, the district court imposed the same sentences on Counts 1 to 3 and 6 to 15. On Counts 4 and 5, the district court noted the corrected guidelines sentences—60 and 300 months—but again imposed consecutive life sentences with the explanation that it did not "believe anything less than a life imprisonment is appropriate."

Martin once again has filed a notice of appeal, but his appointed attorney asserts that the appeal is frivolous and seeks to withdraw. *See Anders v. California*, 386 U.S. 738 (1967). We confine our review to the potential issues discussed in counsel's facially adequate brief. *See United States v. Schuh*, 289 F.3d 968, 973–74 (7th Cir. 2002). In her motion to withdraw, counsel correctly notes that any possible issue that could have been raised in the first appeal may not be raised now in this second appeal. *See United States v. Peel*, 668 F.3d 506, 507 (7th Cir. 2012); *United States v. Parker*, 101 F.3d 527, 528 (7th Cir. 1996). With that in mind, counsel addresses whether Martin could argue that at resentencing the district court committed an *ex post facto* violation by reimposing, without objection, a 2-level upward adjustment that did not exist in the version of the guidelines in effect at the time of Martin's crimes. He received this increase under U.S.S.G. § 2D1.1(b)(14)(B)(iv) and (D) for recruiting an individual who was particularly

susceptible to criminal conduct and for engaging in witness intimidation. After resentencing, the Supreme Court decided *Peugh v. United States*, 133 S. Ct. 2072 (2013), which holds that applying current guidelines yielding a higher imprisonment range than the guidelines in effect at the time of the offense violates the *Ex Post Facto* Clause. *Id*. at 2078.

Under *Peugh*, the district court imposed a sentence that violates the *Ex Post Facto* Clause. The 2-level adjustment under § 2D1.1(b)(14) was not in force at the time of Martin's 2009 offenses. *See* U.S.S.G. app. C, amend. 748. The upward adjustment led to a guidelines range on Counts 1 to 3 and 6 to 15 of 97 to 121 months, whereas the 2009 version of the guidelines, with no adjustment, yields an imprisonment range of 78 to 97 months. But whether Martin serves a total of 120 months in prison on these counts, as the district court imposed, or serves a lower sentence based on the lower guidelines range, the result is the same: Martin will spend the rest of his life in prison given the consecutive life sentences he must serve on Counts 4 and 5. Thus it would be frivolous to argue that the violation constituted plain error. *See United States v. Currie*, No. 12-1666, — F.3d —, 2014 WL 47017, at *4 (7th Cir. Jan. 7, 2014).

The appropriate issue for consideration, thus, is whether the consecutive life sentences for the firearm counts are reasonable. We will uphold as reasonable an above-guidelines sentence so long as the district court considered the factors in 18 U.S.C. § 3553(a) and adequately explained its reasons for imposing the sentence. *See United States v. Hill*, 645 F.3d 900, 911 (7th Cir. 2011); *United States v. Courtland*, 642 F.3d 545, 550 (7th Cir. 2011). And "[a]n above-guidelines sentence is more likely to be reasonable if it is based on factors sufficiently particularized to the individual circumstances of the case rather than factors common to offenders with like crimes." *United States v. Stinefast*, 724 F.3d 925, 932–33 (7th Cir. 2013) (quotation marks and citation omitted).

At resentencing the district judge offered an exhaustive explanation for the life sentences, connecting the factors under 18 U.S.C. § 3553(a) to the need to impose harsh punishment. The court began by acknowledging Martin's difficult upbringing and lack of parental supervision as a child. But in considering the nature and circumstances of Martin's crimes, *see id.* § 3553(a)(1), the court noted that Martin's case was one of the "most severe" it had ever seen and explained that, as a sheriff, Martin's "betrayal of the public trust and the people that [he] was elected to serve . . . was unforgivable." To reiterate the seriousness of Martin's actions, *see id.* § 3553(a)(2)(A), the judge discussed the numerous aggravating circumstances involved in the case: Martin had engaged in similar drug distribution between 1999 and 2003; he knowingly allowed a dealer to

continue selling methamphetamine so long as the dealer did not encroach on Martin's marijuana business; he solicited campaign contributions from that drug dealer; he encouraged the submission of illegal absentee ballots for the sheriff election; he submitted fraudulent receipts to the county for reimbursement; he used county money to fund personal purchases for himself and his family including 4-wheelers, a trailer, night vision goggles, propane, groceries, cell phones, and a camera; he stole at least one firearm from the county evidence room as well as the marijuana that he sold; his crimes forced the county to dismiss at least three drug-related cases; and he involved his wife and son in his witness-tampering offenses. Only sentences significantly above the guidelines recommendations, the court reasoned, would force Martin to realize the severity of his offenses and deter him from future criminal conduct. *See id.* § 3553(a)(2)(A), (B).

Additionally, the court noted Martin's lack of remorse and refusal to accept responsibility for his crimes, as evidenced by his plotting to have witnesses murdered. *See* 18 U.S.C. § 3553(a)(2)(A). Further, citing Martin's postsentencing conduct—smuggling prescription medication into the jail—the court concluded that Martin has no respect for the law and poses a significant threat to the public. *See id.* § 3553(a)(2)(C); *Pepper v. United States*, 131 S. Ct. 1229, 1249 (2011) (recognizing that district court may justify increased sentence by identifying relevant conduct that occurred after original sentencing hearing); *Wasman v. United States*, 468 U.S. 559, 572 (1984) (same). Martin's life sentences are "firmly anchored" in the considerations required under 18 U.S.C. § 3553(a), as shown by the court's thorough application of the statutory factors to the circumstances in Martin's case. *See United States v. Padilla*, 618 F.3d 643, 646 (7th Cir. 2010). The court's extensive discussion of the numerous aggravating factors provides substantial justification for the life sentences, and any argument to the contrary would be frivolous.

Counsel last considers whether Martin could successfully claim that he received ineffective assistance of counsel at resentencing. But if Martin wishes to make an ineffective assistance claim, a request for collateral relief under 28 U.S.C. § 2255 is the preferred method. *See Massaro v. United States*, 538 U.S. 500, 504 (2003); *United States v. Harris*, 394 F.3d 543, 558 (7th Cir. 2005).

The motion to withdraw is **GRANTED**, and the appeal is **DISMISSED**.